THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN SICILIANO, Defendant.

County Court, Kings County, June 25, 1945.

*Joseph F. Hanley* for defendant.

*William O'Dwyer, District Attorney (Solomon A. Klein* of counsel), for plaintiff.

LEIBOWITZ, J. John Siciliano, now an inmate of State prison, moves to vacate and set aside a judgment of conviction and sentence, and also prays for such other and further relief as to the court may seem just and proper.

The District Attorney agrees that Siciliano is entitled to the relief now sought.

On December 30, 1932, several armed bandits held up and robbed the occupants of the Brooklyn Civic Club rooms. Among the victims were Michael Yerman and Arthur Rothbard.

The Grand Jury returned two indictments (Nos. 5035-a, 5035-b) each charging robbery in the first degree, grand larceny in the first degree and assault in the second degree. Siciliano and three others, Romaine, Oliviere and Rubino, were named as codefendants. The A indictment described Yerman as the victim and the B indictment concerned the robbery of Rothbard.

On January 6, 1933, pleas of not guilty were entered by the defendants.

On January 19, 1933, before Judge NOVA, then a member of this court, Siciliano, Romaine and Oliviere pleaded guilty under the A indictment to robbery in the second degree, unarmed. Rubino elected to stand trial on both indictments. When the plea was entered the following transpired:

" The Court: This is indictment No. 5035-a, against Romaine, Siciliano, and Rubino * * *. The plea proposed is robbery in the second degree unarmed * * *. Does the district attorney consent? Mr. Goldstein (Assistant district attorney): Yes. The Court: This plea is accepted with the understanding that at the time of sentence the district attorney dismisses, or moves to dismiss indictment B. Correct? Mr. Goldstein: Yes, your Honor."

In November, 1933, while Siciliano was awaiting sentence, he and his codefendants were placed on trial on the B indictment before the late Judge McLAUGHLIN, then a member of this court. Having already confessed his guilt in open court by pleading guilty under the A indictment, his conviction by a jury under the B indictment was inevitable.

On December 13, 1933, Judges McLAUGHLIN and NOVA ascended the bench together. Judge McLAUGHLIN imposed an indeterminate sentence upon Siciliano of thirty-five to seventy years; Judge NOVA imposed a flat sentence of fifteen years and directed that this sentence run concurrently with the one imposed by Judge McLAUGHLIN.

The practice of accepting a guilty plea under one indictment upon stipulation that other indictments then pending against the accused will be dismissed is one of long standing in our criminal courts. The right of a district attorney to make such an agreement and the power of the court to enforce it have never been successfully challenged.

For example, the right of a district attorney to grant immunity to a witness who turns State's evidence was recognized by the courts of this State at a very early date. (*People* v. *McLeod*, 25 Wend. 483.) In the case of *People* v. *Becker* (210 N. Y. 274) four confessed murderers entered into an agreement

in writing whereby they were guaranteed immunity in return for their testimony against a fifth alleged conspirator. In *People* v. *Reilly* (224 N. Y. 90, 94–95) the court said: " Instances are constantly occurring where a district attorney in the interest of justice and for the purpose of detecting crime has made and carried out some promise of immunity or favor to a person suspected of or charged with crime. * * * And of course power to make the stipulation involved the duty to observe it. In fact we think it would be extremely detrimental to the administration of justice if it should be established that a district attorney need not keep with an accused person such an agreement as was made in this case, and that such a rule ought not be established unless compelled."

It is true that Siciliano did not promise to turn State's evidence against Rubino. Nonetheless, the district attorney sought to have Siciliano convicted and sentenced upon his own confession and plea of guilty; thus to obviate the expense of a trial, as well as the uncertainty of a jury's verdict. It was his solemn pledge, in which the court concurred, not to prosecute Siciliano on the B indictment that induced the latter to relinquish his absolute right to stand trial on the A indictment and thus to put the prosecution to its proof. He did not escape the stigma of conviction and punishment as does the State's witness who gives evidence against his accomplices.

Close inquiry by this court has failed to disclose either moral or legal justification for the failure of the district attorney to abide by his agreement not to prosecute on the B indictment. The reason that prompted such conduct still remains shrouded in mystery.

Moreover, Judge Nova, in accepting the plea of guilty under the terms specified, acted for the entire court. The pledge made to Siciliano was binding upon all the members of the court, five in number.

Regardless of the refusal of the district attorney to abide by the agreement, the court had power of its own motion to enforce its terms and dismiss the B indictment. Section 671 of the Code of Criminal Procedure provides: " The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed. In such case a written statement of the reasons therefor shall be made by the court and filed as a public record."

The court is not now without ample power to afford the relief sought by Siciliano. In the apt words of Judge Crane in *People*

*ex rel. Sloane* v. *Lawes* (255 N. Y. 112, 118) : " Surely, the law has not become so entangled in its own machinery that it is helpless and unable to extricate itself. There must be some relief for a prisoner who, according to the records as they now exist, is entitled as a matter of right to his liberty."

The situation here presented comes clearly within the principles expressed in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19, 26) wherein it is stated: " No statute has been called to our attention, nor have we been able to find any, where a competent court has been denied jurisdiction to reopen its judgment where the same was based upon trickery, deceit, coercion or fraud and misrepresentation in the procurement of the plea upon which the judgment was based." (*Furman* v. *Furman,* 153 N. Y. 309; *Matter of Holden,* 271 N. Y. 212.)

In 1939 an application for similar relief was made by the codefendant Oliviere. Judge FITZGERALD, then a member of this court, denied the application. (*Sub nom. People* v. *Olivere,* 16 N. Y. S. 2d 337.)

Judge FITZGERALD apparently based his decision upon the false assumption that the defendant had either expressly or impliedly promised to testify for the State against the fourth defendant, Rubino, who had elected to stand trial, and his failure to turn State's evidence therefore vitiated and nullified the agreement of the district attorney not to prosecute him on the B indictment. This court has conducted an exhaustive inquiry to determine whether there was any such understanding. Many persons, in a position to cast light upon this question, have been examined. The records on file have been read. There is no foundation whatever for such a finding. In fact, the court has before it the written statement of Judge NOVA certifying that Siciliano and the other defendants did not agree to turn State's evidence.

It was also urged by Judge FITZGERALD that the affirmance by the Appellate Division (242 App. Div. 654) of the conviction of the four defendants was *res judicata* and estopped Oliviere from raising this question upon the application before him. With this view the court cannot concur.

Upon the appeal before the Appellate Division any decision of the court below in any intermediate order or proceeding forming a part of the judgment roll was subject to review. (Code Crim. Pro., § 517; *People* v. *Oliver,* 214 App. Div. 804.)

Here, no motion was made, either by the defendants or the district attorney, to dismiss indictment B. Thus, there was no decision in any intermediate order, nor was there any

proceeding had with respect to the enforcement of the promise to dismiss indictment B. Therefore, the only matters that were subject to review were the sufficiency of proof of guilt and the alleged errors of law upon the trial. The record upon appeal clearly discloses that the evidence was ample to sustain the guilty verdict. The Appellate Division determined that no serious errors of law had been committed by the trial court and an affirmance followed. (*People* v. *Rubino,* 242 App. Div. 654.)

In the brief submitted in behalf of Siciliano, Oliviere and Romaine, reference was made to the promise not to prosecute on the B indictment. This did not raise the issue properly. The stating of a point in a brief cannot be accepted in lieu of a motion that should have been made before the court of original jurisdiction. (*Fox* v. *Employers' Liability Assur. Corp., Ltd., London,* 239 App. Div. 671.)

For the reasons aforesaid the court is constrained to hold that the affirmance by the Appellate Division is not *res judicata* of the question presented herein.

The conviction under indictment B and the sentence imposed will be vacated and set aside. Indictment B will be dismissed.

The court will order that Siciliano be returned to State prison to complete service of the sentence imposed by Judge Nova.

Submit order in accordance herewith.