SMITH *v.* JONES.

LULA MAE SMITH v. PEGGY SUE JONES and IVAN JONES.

(Filed 16 December, 1964.)

Automobiles § 42g—

 Evidence favorable to plaintiff tending to show that she stopped before entering an intersection with a dominant highway, looked both ways and did not see any approaching traffic, and then drove into the intersection and was struck by defendant's car, which was traveling on the dominant highway in a direction from which it could not have been seen by plaintiff until it was some 145 to 150 feet from the intersection, with evidence of physical facts tending to show defendant was traveling at excessive speed, *held* not to disclose contributory negligence as a matter of law.

APPEAL by plaintiff from *Gambill, J.,* 23 March Civil Session 1964 of SURRY.

This is a civil action to recover for personal injuries and property damage sustained by plaintiff, alleged to have been caused by the negligence of defendants.

The collision involved occurred on 8 October 1962 in the Town of Mt. Airy, North Carolina, about 3:00 p.m., at the intersection of Rockford and Haymore Streets. Rockford Street runs generally north and south while Haymore Street runs east and west. The plaintiff was traveling west on Haymore Street and the defendant, Peggy Sue Jones, was traveling south on Rockford Street, driving a car owned by her father, the male defendant.

The plaintiff testified that she stopped her car in obedience to a stop sign at the intersection of said streets; that three cars passed going north up the hill on Rockford Street; that when these cars passed, she looked to the north and to the south and then again to the north and saw no traffic approaching on Rockford Street; that she proceeded to enter the intersection and had traveled about 30 feet; that as the front of her car reached the western edge of Rockford Street it was struck on its right side by the car driven by the *feme* defendant.

The evidence tends to show that Rockford Street is 30 feet wide, and in approaching this intersection on said street from the north, a motorist must drive over a hill; that in entering this intersection from Haymore Street a motorist driving west on said street could only see to the north on Rockford street approximately 150 feet. The evidence further tends to show that the car driven by the *feme* defendant skidded 69 feet before the impact. The debris caused by the impact was found twelve feet from the northwest intersection of the curb line of said streets.

A police officer testified that looking north from the northern edge of Haymore Street up Rockford Street, it is approximately 145 feet to the crest of the hill.

At the close of plaintiff's evidence the defendants moved for judgment as of nonsuit. The motion was allowed. Plaintiff appeals, assigning error.

*Folger & Folger for plaintiff appellant.*
*Deal, Hutchins & Minor, Edwin T. Pullen for defendant appellees.*

PER CURIAM. We concede this is a very close case. Even so, in view of the fact that a motor vehicle approaching the intersection involved from the north of Rockford Street cannot be seen until it arrives at or near the crest of the hill, approximately 145 to 150 feet from the intersection, we think the evidence of the plaintiff, when considered in the light most favorable to her, as it must be on a motion for nonsuit, is sufficient to carry the case to the jury.

We think there is a substantial difference between the factual situation in the case of *Howard v. Melvin,* 262 N.C. 569, 138 S.E. 2d 238, and the present case. There, the evidence tended to show that plaintiff had stopped at a stop sign 39 feet away from the intersection with the dominant highway, and proceeded to enter the intersection without looking again to see if any traffic was approaching from either direction. The evidence further tended to show that had the plaintiff looked before entering the intersection, he had a clear view for one-quarter to one-half mile to the south, the direction from which the car was traveling that collided with his truck.

The judgment below is

Reversed.