322 S.E.2d 709

**STATE of West Virginia ex rel. Robert Julian TAYLOR**

v.

**The Honorable A. Andrew MacQUEEN, Judge of the Circuit Court of Kanawha County.**

No. 16477.

Supreme Court of Appeals of West Virginia.

Nov. 14, 1984.

---

Michael S. Francis, Brennan & Francis, New Martinsville, for relator.

No appearance for respondent.

PER CURIAM.

This original proceeding in mandamus came on this day for decision upon the verified petition of the relator, Robert Julian Taylor, upon the rule to show cause issued by this Court on October 3, 1984, upon the brief of the relator and upon the exhibits filed herein. Upon consideration of all of which, this Court finds and concludes as follows:

On June 12, 1980, the relator filed an appeal of an administrative decision of the Department of Public Safety Board of Appeals with the respondent Judge of the Circuit Court of Kanawha County. The respondent allowed the appeal, and the appeal was prosecuted. In October 1982, Proposed Findings of Fact and Conclusions of Law were filed with the respondent, and the case was submitted for decision. The respondent indicated that a ruling would be made before the end of February, 1983. Despite the passage of considerable time, no decision has yet been rendered in the case.

Section 17 of Article III of our Constitution provides, in part, that "justice shall be administered without ... delay." In *State ex rel. Cackowska v. Knapp*, 147 W.Va. 699, 130 S.E.2d 204 (1963), this Court held that a delay of seventeen months in rendering a decision on a writ of error to an order of a commissioner of accounts was unreasonable and justified the issuance of a writ of mandamus commanding the court to issue a decision. More recently in *State ex rel. Patterson v. Aldredge*, 173 W.Va. 446, 317 S.E.2d 805 (1984), we found that a trial court's delay of thirty-three months in ruling on a motion for summary judgment was "unreasonable." We are of the opinion that the approximately two-year delay of the respondent in ruling in the case before us. is unreasonable. We conclude that the relator has established all the legal prerequisites for the issuance of a peremptory writ of mandamus to compel the respondent judge to issue a final decision in the relator's appeal.

It is, therefore, Adjudged and Ordered that a peremptory writ of mandamus issue commanding the respondent to render a final decision in the relator's appeal within twenty days from and after the date of this Order. It is further Adjudged and Ordered that service of an attested copy of this Order upon the respondent shall have the same force and effect as the service of a formal writ.