341 S.E.2d 850

**Delores GRALEY**

v.

**The Honorable Margaret WORKMAN, Judge of the Circuit Court of Kanawha County, West Virginia.**

**No. 16966.**

Supreme Court of Appeals of West Virginia.

March 19, 1986.

---

Boyce Griffith, Hamlin, for appellant.

McGRAW, Justice:

On January 6, 1982, the petitioner, Delores Graley, instituted an action for divorce from her husband, Ezra Graley, who filed a timely answer to her complaint.

This divorce action was assigned to the respondent, the Honorable Margaret Workman, Judge of the Circuit Court of Kanawha County. On June 3, 1982, the divorce proceeding was referred to a special commissioner, who supervised the taking of depositions. On December 30, 1982, the commissioner filed his final report with Judge Workman, and, on June 27, 1983, Delores and Ezra Graley appeared before Judge Workman to argue exceptions to the commissioner's report and to submit the case for decision.

Over twenty-nine months passed without decision following submission when, in a petition filed with this Court on November 20, 1985, a request was made for issuance of a writ of mandamus compelling rendition of a decision by Judge Workman in the petitioner's divorce proceeding. In response, Judge Workman entered an order on December 19, 1985, recusing herself from the divorce action "for reasons shown upon the record." A copy of this order was filed with this Court on January 22, 1986.

In Syllabus Point 1, of *State ex rel. Patterson v. Aldredge*, 173 W.Va. 446, 317 S.E.2d 805 (1984), this Court held that:

Under article III, § 17 of the West Virginia Constitution, which provides that "justice shall be administered without sale, denial or delay," and under Canon 3A(5) of the West Virginia Judicial Code of Ethics (1982 Replacement Vol.), which provides that "A judge should dispose promptly of the business of the court," judges have an affirmative duty to render timely decisions on matters properly submitted within a reasonable time following their submission.

*See also West Virginia Department of Human Services v. La Rea Ann C.L.*, 175 W.Va. 330, 332 S.E.2d 632, 638 n. 8 (1985); *State ex rel. Taylor v. MacQueen*, 174 W.Va. 77, 322 S.E.2d 709, 710 (1984); *State ex rel. Cackowska v. Knapp*, 147 W.Va. 699, 700–01, 130 S.E.2d 204, 205 (1963).

With respect to judicial disqualification, Canon 3C(1) of the West Virginia Judicial Code of Ethics provides that "A judge should disqualify himself in a proceeding in

which his impartiality might reasonably be questioned, including but not limited to [specific] instances [enumerated in Canon 3C(1)]." The respondent's rationale for voluntary disqualification does not fit within the categories of disqualification enumerated in Canon 3C(1), and we are unable to perceive that her impartiality might reasonably be questioned granted the insignificant nature of her husband's remote business relationship with one of the parties. As this Court emphatically stated in *Stern Bros., Inc. v. McClure*, 160 W.Va. 567, 578–79 n. 8, 236 S.E.2d 222, 229 n. 8 (1977):

> We are in firm accord with the rule followed particularly in the federal courts, that a judge "has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837, 93 S.Ct. 7, 15, 34 L.Ed.2d 50 (1972), and the cases cited therein. We would also point out the parties may by express written agreement waive a particular disqualification of a judge so long as the disqualification does not involve a matter of public policy. 46 Am.Jur.2d *Judges* § 224; Annot., 73 A.L.R.2d 1238 at 1272 (1960); *see* W.Va.Code, 51–2–8.

■ There is a distinct possibility that if the respondent had rendered a timely decision on the petitioner's complaint in the instant proceeding, the relationship that triggered her recusal action would not yet have arisen. Moreover, the propriety of entry into a relationship with a party to litigation which is subsequently asserted as a ground for disqualification is questionable at best. Finally, as with other judicial business, judges have an affirmative duty to voluntarily disqualify themselves within a reasonable time following cognizance of good cause for disqualification. It appears that the respondent did not act as swiftly as desirable with respect to voluntary disqualification following her recognition of a possible conflict.

Rule XVII(C)(1) of the West Virginia Trial Court Rules for Trial Courts of Record provides, in relevant part, that:

> Any circuit judge may, for good cause in writing, with the approval of the chief justice, recuse himself without a motion for disqualification having been filed in the proceeding. Upon a review of the

recusal reasons, the chief justice shall promptly advise the circuit judge whether he deems the recusal to be warranted. If the recusal is deemed not warranted the circuit judge shall continue to hear the proceeding.

In letter filed with this Court on January 22, 1986, the respondent states, "The official record of this court will reflect that I notified the attorneys several months prior to the filing of the writ that I was recusing myself ... and I asked that an order to that effect be prepared and submitted. No such order was ever submitted." Clearly, Rule XVII(C)(1) contemplates that, prior to entry of an order of recusal, a judge must secure the approval of the chief justice by submission of good cause in writing. This approval was not secured prior to entry of the order in the present action in violation of Rule XVII(C)(1).

■ Accordingly, we conclude that a delay of twenty-nine months between submission of the petitioner's divorce action and the filing of this mandamus action was unreasonable; that the respondent's voluntary disqualification was without good cause; and, that issuance of a writ of mandamus against the respondent compelling rendition of a final decision in the petitioner's divorce action within thirty days after the date of this opinion is appropriate. For procurement of a divorce decree to take more than four years is, under these facts, constitutionally unacceptable.

Writ granted.