342 S.E.2d 198

**Charles SELLERS**

v.

**Honorable W. Craig BROADWATER.**

**No. 17039.**

Supreme Court of Appeals of
West Virginia.

March 25, 1986.

Robert J. D'Anniballe, Jr., Alpert & D'Anniballe, Weirton, for appellant.

Charles G. Brown, Atty. Gen., Silas B. Taylor, Deputy Atty. Gen., Charleston, for appellee.

NEELY, Justice:

This original prohibition proceeding was brought to enforce a plea bargain. A Brooke County Grand Jury indicted the petitioner, Charles Sellers, on 4 June 1984 for four counts of first-degree sexual abuse. The victims of this sexual abuse were the petitioner's two stepdaughters. After defense counsel had obtained discovery and several continuances, the matter was set to be tried on 29 March 1985. However, on 27 March 1985 the parties announced that they had reached a plea agreement.

The two young victims and their mother, Karen Sellers, attended and participated in a hearing on 27 March 1985 at which the plea bargain was presented to the trial court. In exchange for petitioner's promise to plead guilty to all counts, the prosecutor agreed, pursuant to *W.Va.R.Crim.P.* 11(e)(1)(C), that probation was the appropriate disposition. The parties agreed that the conditions of probation would include: (1) prohibition against any contact with the victims; and (2) psychiatric counseling.

After determining that Karen Sellers had no objection to the plea bargain, the trial court orally approved and orally accepted the guilty plea. On 17 June 1985, the trial court entered an order approving the plea agreement, accepting the guilty plea, and sentencing the petitioner to four consecutive sentences of one to five years plus a $10,000 fine. Both the imprisonment and the fine were suspended and petitioner was placed on probation in accordance with the terms of the agreement.

Ironically on 17 June 1985 Mrs. Sellers also appeared in court and voiced an objection to the plea on the grounds that she wanted a jury to hear her daughters' cases. The following day, Mrs. Sellers wrote a long letter to the judge explaining her change of heart. She recited that she was cajoled into acquiescing to the plea agreement and that she had made a mistake.

On 19 July 1985, Judge Broadwater wrote to counsel for the parties and advised them that he would shortly forward to them an order in the case and that he had tentatively set a new trial date for 30 August 1985. On 9 August 1985 defense counsel filed a "motion to consider order entered June 17, 1985, final," which was heard and denied that same day. On 4 September 1985 the trial court entered an order vacating the order of 17 June 1985 and set the case for trial. Yet, before the 9 August 1985 hearing, the petitioner had attended five counseling and testing appointments pursuant to the terms and conditions of his probation.

The trial was rescheduled for 29 October 1985, but then again was continued on the defendant's motion to permit defense counsel to file an application for a rule to show cause in prohibition in this Court. On 30 January 1986 we granted the rule to show cause, stayed all proceedings below, and made the rule returnable 8 March 1986.

The single issue in this case is whether principles of double jeopardy preclude a court's setting aside an order accepting a guilty plea pursuant to a court-accepted plea bargain after the defendant has undertaken to fulfill the terms and conditions of the bargained-for sentence. As we have recently held:

> The entry of a nolo contendere or a guilty plea pursuant to a plea bargain and the oral pronouncement of a sentence by a circuit court does not impose a double jeopardy bar where the defendant has not served any portion of the sentence.

Syl. Pt. 13, *Myers v. Frazier,* 173 W.Va. 658, 319 S.E.2d 782 (1984). But our holding in *Myers* can only be read in conjunction with our holding in *State ex rel. Roberts v. Tucker,* 143 W.Va. 114, 116, 100 S.E.2d 550, 551-2 (1957) where we stated:

"There seems to be no doubt that under the weight of authority, a criminal, as well as a civil court may, for certain purposes, set aside a judgment by an order entered during the same term at which the order set aside was spread upon the records of the court. That rule, however, in criminal cases where the judgment has been satisfied in whole or in part, is limited to those cases in which the trial court reduces the penalty imposed. Cases in which the penalty is increased are treated as subjecting the accused to double jeopardy and therefore the second sentence is void, leaving in effect the original sentence. * * * " *citing State ex rel. Williams v. Riffe, Judge,* 127 W.Va. 573, 34 S.E.2d 21 (1945).

The case before us today falls squarely between *Myers* and *Roberts.* In *Myers,* two deputies allegedly forced a twenty-four-year-old woman to perform oral sex on each of them in the bedroom of her trailer while the deputies were on duty, in uniform, and armed with guns. The deputies were indicted for first-degree sexual assault. In return for dismissing the first-degree sexual assault charges, one deputy agreed to plead guilty to one count of false swearing, serve five years of probation, and pay a $1,000 fine. The other deputy agreed not to be a county or city police officer in Fayette County, West Virginia for a period of five years. All of the plea bargain proceedings had been conducted before the judge. But no final order had been entered when a mandamus action was brought in this Court to require prosecution of the deputies on the original charges. Although we did not grant the writ, we held that it is within the trial court's discretion to remove an initial oral acceptance of a plea bargain agreement when the criminal defendant has not begun to serve his sentence. *Myers v. Frazier,* 173 W.Va. 658, 319 S.E.2d 782, 795–800 (1984).

In the *Roberts* case, on the other hand, the defendant pled guilty to armed robbery and was sentenced to ten years in the penitentiary. While committed to the Mercer County Jail and awaiting transportation to the penitentiary, he escaped from the jail, and was recaptured. After his escape and recapture, but during the same term of court in which his guilty plea was accepted, the circuit court set aside the ten-year sentence and imposed a thirty-year sentence. We held that the initial judgment had been "satisfied in part," the thirty-year sentence was void, and that the ten-year sentence remained in effect.

■ In the case before us, then, the question is whether Mr. Seller's situation is closer to that of the deputies in *Myers* or the armed robber in *Roberts?* We find that because Mr. Sellers lived under the standard restrictions applicable to probationers and began the affirmative program of psychological counseling mandated by his plea agreement, he entered upon the execution of his sentence. Therefore, double jeopardy principles preclude the circuit court's setting aside its original order and subjecting him to trial.

It is almost universally recognized in the state courts that once a final judgment order in a criminal case has been entered, unless there is a question of a fraud on the court, double jeopardy principles preclude the court's setting aside the order if the change works to the detriment of the defendant. In fact, in two comparatively recent cases this Court has been willing to award defendants specific performance of plea agreements. As we have stated:

Where a defendant, having performed his part of a plea bargain is coerced by the government's violation of the bargain into withdrawing his guilty plea, he has the option of standing trial on the not guilty plea and suffering whatever other consequences may result from his being in the original position, or reinstating his guilty plea and requiring specific performance by the government of the bargain.

Syl. Pt. 2, *Brooks v. Narick,* 161 W.Va. 415, 243 S.E.2d 841 (1978). And as we subsequently explained this holding:

The rule we follow, consistent with the cases cited above, is that a prosecuting attorney or his successor is bound to *the terms of a plea agreement once the*

*defendant enters a plea of guilty or otherwise acts to his substantial detriment in reliance thereon. . . .* If the defendant has not yet acted to his detriment, the State is not bound to the terms of an inchoate plea agreement.

*State ex rel. Gray v. McClure,* 161 W.Va. 488, 492, 242 S.E.2d 704, 707 (1978). Mr. Seller's plea became binding upon the State when he began to comply with the terms of his probation. Accordingly, he is entitled to specific performance of the agreement.

 Because the petitioner is correct that the principles of double jeopardy bar his prosecution, under the criteria enunciated in Syl. Pt. 1, *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979) we concluded prohibition is the appropriate remedy.[1]

Accordingly, for the reasons set forth above the writ of prohibition for which petitioner prays is awarded.

Writ awarded.

---

1. Syl. Pt. 1, *Hinkle v. Black* states:

 In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the overall economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.