350 S.E.2d 7

**STATE ex rel. Ellsworth J. ROGERS, Jr.**

v.

**Hon. Thomas W. STEPTOE, Jr., Judge, etc. and Earl W. Weller, Pros. Atty.**

No. 17256.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1986.

Decided Oct. 28, 1986.

Arthur A. King, Public Defender Corp., Martinsburg, for petitioner.

Earl W. Weller, Pros. Atty., Martinsburg, for respondents.

NEELY, Justice:

This original prohibition proceeding was brought to enforce a plea bargain. A Berkeley County grand jury indicted petitioner on a charge of first degree murder in May, 1984. On 17 October 1985, Circuit Judge Thomas W. Steptoe, Jr., set the trial for 12 November 1985. On or about 17 October 1985, plea negotiations began between the petitioner and the State. On 8 November 1985, the petitioner, his attorney, and the prosecutor met in chambers. At that meeting the terms of the plea agreement were presented and explained to Judge Steptoe by the petitioner's counsel. Under the terms of the plea agreement, the petitioner would plead guilty to second degree murder and testify truthfully at the trial of a co-defendant in the case of *State v. Hovermale*. In return, the State agreed not to prosecute the petitioner for first degree murder, and to make no recommendation regarding sentencing. It was agreed that sentencing would be deferred until after the trial of defendant Hovermale.

By order dated 13 November 1985, Judge Steptoe granted petitioner's motion to withdraw his original plea of not guilty, and approved the terms of the plea agreement. The order stated that the petitioner stood convicted of second degree murder, and referred the matter to the probation officer for pre-sentence investigation.

Between 8 November 1985 and 27 January 1986, the petitioner cooperated with the prosecutor in the preparation of his testimony in the matter of *State v. Hovermale*. On 27 January 1986, Judge Steptoe granted the motion of counsel for defendant Hovermale that petitioner be sentenced before the Hovermale trial. Petitioner was afforded neither notice of the motion nor an opportunity to be heard. Nor was the petitioner sentenced at any time thereafter. On 7 March 1986, the prosecuting attorney moved the court to vacate the petitioner's conviction on the grounds that the order of 27 January had invalidated the plea agreement. By order dated 7 March 1986, Judge Steptoe granted the prosecuting attorney's motion.

On 27 March 1986, the petitioner testified as a witness for the State in *State v. Hovermale*. The jury returned a verdict of not guilty. On 7 May 1986, petitioner moved the court to reinstate the plea agreement approved by the order of 13 November 1985. The court denied the motion on the grounds that the plea agreement was not in the public interest, and ordered that the matter proceed to trial on the indictment for first degree murder. Petitioner now seeks a writ to prohibit Judge Steptoe from trying him for first degree murder and to

require him to reinstate the second degree murder plea.

The single issue in this case is whether principles of double jeopardy preclude a court's setting aside an order accepting a guilty plea after the defendant has undertaken the performance promised under the terms of the plea agreement. It has long been the law of this State that "An agreement between a prosecuting attorney and an accused, approved by the court, should be upheld ordinarily when the accused has fulfilled his part of the agreement." Syl., *State v. Ward*, 112 W.Va. 552, 165 S.E. 803 (1932). There we stated that "Promises of immunity from prosecution made to a witness by a prosecuting officer with the consent of the court are justified on the ground of public policy. * * * The courts treat such promises as pledges of the public faith." 112 W.Va. at 554, 165 S.E. at 804–05.

The rule enunciated in *Ward* finds repeated application in the decisions of this Court. In Syllabus Point 2 of *Brooks v. Narick*, 161 W.Va. 415, 243 S.E.2d 841 (1978) we held that:

Where a defendant, having performed his part of the plea bargain is coerced by the government's violation of the bargain into withdrawing his guilty plea, he has the option of standing trial on the not guilty plea and suffering whatever other consequences may result from his being in the original position, or reinstating his guilty plea and requiring specific performance by the government of the bargain.

Likewise we held in Syllabus Point 1 of *State ex rel. Gray v. McClure*, 161 W.Va. 488, 242 S.E.2d 704 (1978), that "A prosecuting attorney is bound to the terms of a plea agreement once the defendant enters a plea of guilty or otherwise acts to his substantial detriment in reliance thereon."

A question similar to the one at bar was presented in *Sellers v. Broadwater*, 176 W.Va. 232, 342 S.E.2d 198 (1986). In *Sellers*, the circuit court approved a plea agreement where, in return for the accused's plea to charges of sexual abuse, the State would recommend a sentence of probation.

The parties agreed that the conditions of probation would include psychiatric counseling. After the petitioner had attended five counseling and testing appointments pursuant to the terms of his probation, the circuit court vacated the order approving the plea agreement and set the case for trial. We found that, because the petitioner had lived under the standard restrictions applicable to probationers and had begun the affirmative program of psychological counseling required by his plea agreement, he had entered upon the execution of his sentence. Accordingly, we held that double jeopardy principles prohibited the circuit court's setting aside its original order and subjecting the petitioner to trial.

The case at bar differs from the foregoing cases in that the performance undertaken by Mr. Rogers was not the execution of his sentence. Indeed, sentence was never imposed on Mr. Rogers. Nevertheless, Mr. Rogers' promise to testify truthfully in *State v. Hovermale* was an integral part of the bundle of acts that he promised to perform in exchange for dismissal of the charges of first degree murder. In cooperating with the prosecution in the preparation of his testimony in *State v. Hovermale* —which he did before the court vacated its order approving his plea agreement—the petitioner conferred upon the State a benefit it would not have received but for his reliance on the court-approved plea agreement. Moreover, the petitioner has, in the course of his cooperation with the prosecution, undoubtedly provided the prosecution with some insights applicable to his own prosecution. Although the petitioner *may* successfully seek an order suppressing all statements made to the prosecution in reliance on the plea agreement, it may be difficult if not impossible to identify and suppress all evidence acquired *as a result* of those statements. Accordingly we hold that the petitioner has relied on the plea agreement to his detriment within the meaning of *McClure*. The petitioner is therefore entitled to specific performance of the court-approved plea agreement.

Our holding today does no damage to the principle set forth in *McClure* that "If the

defendant has not yet acted to his detriment, the State is not bound to the terms of an inchoate plea agreement." 161 W.Va. 488, 492, 242 S.E.2d 704, 707. Nor do we overrule *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984), where we held that:

> The entry of a nolo contendere or a guilty plea pursuant to a plea bargain and the oral pronouncement of a sentence by a circuit court does not impose a double jeopardy bar where the defendant has not served any portion of the sentence.

*Id.* at Syl. Pt. 13. In *Myers*, the plea bargain was *entirely* inchoate. The defendants had promised only to plead guilty and serve an agreed sentence; although sentence had been imposed, it had not yet been executed. In *Myers*, the defendants could claim no detrimental reliance because their promises remained executory. In the case at bar, Mr. Sellers has partially performed his side of the bargain.

Because the petitioner is correct that principles of double jeopardy bar his prosecution, under the criteria enunciated in Syl. Pt. 1, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), we conclude that prohibition is the appropriate remedy.[1]

Accordingly, for the reasons set forth above the writ of prohibition for which petitioner prays is awarded.

Writ awarded.

---

1. Syl. Pt. 1, *Hinkle v. Black* states:

   In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the overall economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.