386 S.E.2d 819

STATE of West Virginia ex rel. Charles
E. KING, Jr., Prosecuting Attorney
of Kanawha County

v.

The Honorable A. Andrew MacQUEEN,
Judge of the Circuit Court of Kanawha
County, and Jennifer F. Bailey.

No. 17294.

Supreme Court of Appeals of
West Virginia.

Nov. 19, 1986.

Charles E. King, Jr., Charleston, pro se.

George A. Daugherty, Daugherty & Tantlinger, Charleston, for Jennifer F. Bailey.

McGRAW, Justice:

This proceeding involves a criminal matter now pending in the Magistrate Court of Kanawha County. The relator, Kanawha County Prosecuting Attorney Charles E. King, Jr., seeks a writ of prohibition to prohibit respondent, Kanawha County Circuit Judge A. Andrew MacQueen from enforcing an order entered on August 5, 1986, issuing a rule to show cause why a writ of prohibition should not be awarded prohibiting the relator and The Honorable Louis E. Longanacre, Magistrate of Greenbrier County, the presiding magistrate in Case No. 84–M–1529, from proceeding further, and staying those proceedings until further order of Judge MacQueen. The rule to show cause was made returnable before Judge MacQueen on August 11, 1986. On August 11, 1986, the relator sought relief from this Court, and we issued a rule directed to Judge MacQueen, returnable on October 1, 1986, directing him to show cause why a writ of prohibition should not be awarded as prayed for by the relator.

The relator has invoked the jurisdiction of this Court pursuant to West Virginia Code § 53–1–1 (1981 Replacement Vol.).[1] He contends that exclusive jurisdiction of the criminal proceeding pending against respondent Jennifer F. Bailey resides in the Magistrate Court of Kanawha County, and that respondent Judge MacQueen lacks jurisdiction to enjoin the criminal prosecution pending in the Magistrate Court of Kanawha County on the charge against Ms. Bailey of driving under the influence of alcohol. We do not agree and deny his writ of prohibition.

I.

On February 23, 1984, Ms. Bailey was arrested for driving under the influence of alcohol, in violation of West Virginia Code § 17C–5–2(d)(1)(A) and (d)(2) (1986 Replacement Vol.), which provides that any person who drives a vehicle under the influence of alcohol shall be guilty of a misdemeanor. The first trial on this criminal charge was held in the Magistrate Court of Kanawha County and resulted in a hung jury on January 23, 1985. A second trial was scheduled to be held on December 11, 1985.

During this same time period, the Department of Motor Vehicles was also proceeding against Ms. Bailey administratively to revoke her driver's license pursuant to the provisions of West Virginia Code §§ 17C–5A–1 to –4 (1986 Replacement Vol.). On December 13, 1984, the Commissioner of the West Virginia Department of Motor Vehicles, after reviewing the record of the administrative hearing, ordered that Ms. Bailey's driver's license be revoked for a period of ninety days and thereafter until her successful completion of and payment for a safety and treatment program.

Thereafter, this administrative ruling was appealed to the Circuit Court of Kanawha County and the case was assigned to Judge MacQueen. In her appeal, Ms. Bailey alleged that she was denied a number of due process and statutory rights, including the right to a blood test at the time of her arrest under West Virginia Code § 17C–5–9 (1986 Replacement Vol.).[2] In connection

1. West Virginia Code § 53–1–1 (1981 Replacement Vol.) provides: "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers."

2. West Virginia Code § 17C–5–9 (1986 Replacement Vol.) provides:
   Any person lawfully arrested for driving a motor vehicle in this State while under the influence of alcohol, controlled substances or drugs shall have the right to demand that a sample or specimen of his blood, breath or

with this appeal, Ms. Bailey also sought a writ of prohibition from Judge MacQueen to prevent her from being tried a second time on the criminal charge in magistrate court. On December 10, 1985, Judge MacQueen entered an order issuing a rule to show cause as to why a writ of prohibition should not be granted and enjoined the then pending criminal proceeding for thirty days or until he issued a further order. Thus, the second trial scheduled for December 10, 1985, was not held.

On February 7, 1986, the relator filed a petition with this Court seeking a writ of prohibition to prohibit Judge MacQueen from enforcing the order entered on December 10, 1985. After the relator had filed the aforesaid petition with this Court, Judge MacQueen, on May 23, 1986, issued two orders, one reversing the decision of the Commissioner of the West Virginia Department of Motor Vehicles on the grounds that admission of a breathalyzer examination was improper because a blood test was not administered as requested thereby violating Ms. Bailey's right to obtain and preserve potentially exculpatory evidence, and one dissolving his stay of the criminal trial. Judge MacQueen thereafter expressed his opinion in a letter to this Court that this action rendered the relator's then pending petition for a writ of prohibition moot. We agreed that Judge MacQueen's action had rendered the case moot, making it unnecessary for us to address the merits of the substantive issues raised at that time. Accordingly, on July 11, 1986, we denied the writ of prohibition then requested by the relator. *State ex rel. King v. MacQueen*, No. 17045 (W.Va. filed July 11, 1986).

The criminal trial was thereafter rescheduled for August 13, 1986, in the Magistrate Court of Kanawha County. On August 5, 1986, respondent Ms. Bailey filed another writ of prohibition with Judge MacQueen seeking to prohibit the criminal trial on the grounds that her right to a blood test at the time of her arrest was denied; that the denial of her demand for a blood test effectively denied her the right to obtain exculpatory evidence; that it was in contravention of her statutory rights; and that she was deprived of her constitutionally guaranteed right to due process. Judge MacQueen then issued a rule to show cause why a writ of prohibition should not be issued to prohibit the criminal prosecution. Prior to a ruling by Judge MacQueen on the substantive issues raised by respondent Ms. Bailey's petition for writ of prohibition, the relator sought relief from this Court.

## II.

■ The sole issue presented is whether a writ of prohibition is the proper remedy under the facts and circumstances of this proceeding. Article VIII, § 6 of the West Virginia Constitution provides that "[c]ircuit courts shall have control of all proceedings before magistrate courts by mandamus, *prohibition* and certiorari." (emphasis added).[3] This constitutional mandate was restated by the Legislature in West Virginia Code § 51-2-2 (1981 Replacement Vol.), which, in part, provides that "[t]he circuit court shall have supervision and control of all proceedings before magistrates, by mandamus, *prohibition* and certiorari." (emphasis added).[4] These constitutional and statutory provisions provide circuit courts with jurisdiction to control the proceedings of a magistrate court by issuance of a writ of prohibition. Accord-

urine be taken within two hours from and after the time of arrest, and that a chemical test thereof be made. The analysis disclosed by such chemical test shall be made available to such arrested person forthwith upon demand.

In Syllabus Point 1, *State v. York*, 175 W.Va. 740, 338 S.E.2d 219 (1985), we held: "*W.Va.Code* 17C-5-9 [1983] accords an individual arrested for driving under the influence of alcohol, controlled substances, or drugs a right to demand and receive a blood test within two hours of arrest."

3. *See also* W.Va. Const. art. VIII, § 12, which provides, in part, that "[t]he legislature may designate the courts ... who shall have the power to issue ... such writs ... as may be prescribed by law...."

4. *See also* W.Va.Code § 53-1-2 (1981 Replacement Vol.), which in pertinent part, provides: "Jurisdiction of writs of ... prohibition ... shall be in the circuit court of the county in which the record or proceeding is to which the writ relates. A rule to show cause ... may be issued by a judge of a circuit court...."

ingly, we will issue a writ of prohibition in such cases only where the circuit court usurps and abuses its legitimate powers.[5]

■ In the present case, we are not persuaded that Judge MacQueen has exceeded his legitimate powers. Judge MacQueen has issued a rule to show cause why a writ of prohibition should not be granted. He has done this upon the initiation of formal proceedings by a party to the action in the lower court.[6] In determining whether to issue the rule to show cause, Judge MacQueen properly looked to the criterion established in Syllabus Point 1, *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), where we held:

> In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

*See also* Syl. pt. 1, *Bd. of Ed. of Monongalia County v. Starcher*, 176 W.Va. 388, 343

S.E.2d 673 (1986); *Sellers v. Broadwater*, 176 W.Va. 232, 342 S.E.2d 198 (1986); Syl. pt. 1, *State ex rel. Taylor Associates v. Nuzum*, 175 W.Va. 19, 330 S.E.2d 677 (1985); Syl., *Ash v. Twyman*, 174 W.Va. 177, 324 S.E.2d 138 (1984); Syl. pt. 3, *Criss v. Salvation Army Residences*, 173 W.Va. 634, 319 S.E.2d 403 (1984).

Judge MacQueen has found that there are no material disputed facts in this controversy. Ms. Bailey was arrested for driving under the influence of alcohol, in violation of West Virginia Code § 17C–5–2, and her request for a blood test pursuant to West Virginia Code § 17C–5–9 was denied. Thus, a clear legal question has been presented to the circuit court which may be resolved independently of any disputed facts. Specifically, the circuit court must rule on the remedy where a person is not given a blood test which he or she requests pursuant to West Virginia Code § 17C–5–9.[7]

Judge MacQueen must proceed to make this ruling promptly and without unreasonable delay pursuant to article III, § 17 of the West Virginia Constitution, which provides, in part, that "justice shall be administered without ... delay." In Syllabus Point 1, *State ex rel. Patterson v. Aldredge*, 173 W.Va. 446, 317 S.E.2d 805 (1984), we recognized this affirmative duty as follows:

> Under article III, § 17 of the West Virginia Constitution, which provides

---

**5.** In Syllabus Point 1, *State ex rel. UMWA International Union v. Maynard*, 176 W.Va. 131, 342 S.E.2d 96 (1985), we couched the right to bring prohibition in the language of West Virginia Code § 53–1–1 (1981 Replacement Vol.), as follows: "A writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction exceeds its legitimate powers." *See also* Syl. pt. 4, *State ex rel. Ayers v. Cline*, 176 W.Va. 123, 342 S.E.2d 89 (1985).

**6.** *See State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 278 S.E.2d 624, 633 (1981), where we stated:

> These writs issue to control judicial proceedings in the inferior court upon the initiation of formal proceedings in the superior court by a party to the action in the lower court. Any order promulgated pursuant to the power

of the circuit court to control judicial proceedings in magistrate court by issuance of these extraordinary writs must be the result of an active justiciable controversy over which the superior court has jurisdiction.

**7.** In *York, supra* we did not render a decision on this question because we found that the appellant therein had not demanded a blood test. However, we did discuss the evidentiary implications of such a denial and its impact on a trial court.

> To deny this right would be to deny due process of law because such a denial would bar the accused from obtaining evidence necessary to his defense. The defendant's right to request and receive a blood test is an important procedural right that goes directly to a court's truth-finding function.

*York*, 175 W.Va. at 741, 338 S.E.2d at 221 (citations omitted).

that "justice shall be administered without sale, denial or delay," and under Canon 3A(5) of the West Virginia Judicial Code of Ethics (1982 Replacement Vol.), which provides that "A judge should dispose promptly of the business of the court," judges have an affirmative duty to render timely decisions on matters properly submitted within a reasonable time following their submission.

*See also* Syl., *Graley v. Workman*, 176 W.Va. 103, 341 S.E.2d 850 (1986); *West Virginia Department of Human Services v. La Rea Ann C.L.*, 175 W.Va. 330, 332 S.E.2d 632, 638 n. 8 (1985); *Allen v. State Human Rights Comm'n*, 174 W.Va. 139, 324 S.E.2d 99 (1984); *State ex rel. Taylor v. MacQueen*, 174 W.Va. 77, 322 S.E.2d 709, 710 (1984); *State ex rel. Cackowska v. Knapp*, 147 W.Va. 699, 700–01, 130 S.E.2d 204, 205 (1963).

Based on the foregoing, we hereby deny the writ of prohibition prayed for by the relator. In denying relief, we do so for the reason that the proceeding now before this Court is not a proper one for the issuance of a writ of prohibition. It should be emphasized, however, that the circuit court is under an affirmative duty to rule on the underlying substantive legal issue in this case. If the circuit court does not discharge its duty, the proper route for the relator would be for an application for a writ of mandamus to compel a ruling.

Writ denied.