403 S.E.2d 27

**STATE of West Virginia**

v.

**Denzil Ray COOK.**

**No. 19703.**

Supreme Court of Appeals of West Virginia.

March 18, 1991.

Mario Palumbo, Atty. Gen., Teresa A. Tarr, Asst. Atty. Gen., Attorney General's Office, Charleston, for State of W.Va.

Dan L. Hardway, Panama City Beach, Fla., for Denzil Ray Cook.

PER CURIAM:

The sole issue in this appeal is whether the Circuit Court of Fayette County erred in denying the motion of the appellant, Denzil Ray Cook, to withdraw his guilty plea prior to sentencing. Both the state and the appellant move to set aside the guilty plea on the ground that the state violated the plea agreement by making certain statements regarding the appellant during the sentencing hearing of the appel-

lant's two co-defendants. We agree that the guilty plea should be set aside, and we reverse the order of the circuit court.

In October of 1988, the appellant and two co-defendants were indicted on charges of grand larceny by a grand jury in Fayette County. The appellant subsequently moved to have his trial severed from the trial of the co-defendants, and by order entered on November 28, 1988, the circuit court granted that motion.

Thereafter, the state and the appellant negotiated a plea agreement whereby the appellant agreed to plead guilty to the reduced charge of petit larceny. In exchange for the appellant's guilty plea, the state agreed to recommend that the appellant be fined rather than imprisoned, or, in the event that a sentence would be imposed, that the appellant be placed on probation. The state agreed to the plea agreement because the appellant was cooperating with the authorities in Raleigh County regarding an unsolved murder case.

The appellant entered his guilty plea before Judge J. Zane Summerfield, who accepted the guilty plea by order dated July 17, 1989, and referred the appellant to the probation department to obtain a report on the appellant prior to sentencing.

Prior to the appellant's sentencing, Judge Robert Abbot held a sentencing hearing in the cases of the appellant's two co-defendants. During that hearing, the state made comments regarding the appellant.[1] Judge Abbot then directed that the probation department send the appellant's case to him for sentencing.

On October 23, 1989, the appellant filed a motion to have the case transferred back to Judge Summerfield for sentencing. Judge Abbot denied that motion. The state and the appellant's counsel subsequently discussed moving to have the guilty plea withdrawn on the ground that the state had violated the plea agreement when the state made certain comments about the appellant at the sentencing hearing of the appellant's two co-defendants. The state and the appellant, appearing before Judge Abbot on October 26, 1989, represented to the court that the plea agreement had been violated by the state, and moved to either have the case returned to Judge Summerfield or have the guilty plea set aside and the indictment dismissed. Judge Abbot ordered that the case be transferred to Judge Summerfield.

A hearing was held before Judge Summerfield on December 11, 1989. The state moved to have the guilty plea withdrawn pursuant to Rule 32(d) of the *West Virginia Rules of Criminal Procedure.*[2] Judge Summerfield, however, ruled that the state had not shown any compelling reasons to withdraw the guilty plea, and denied the motion. By order dated February 27, 1990, Judge Summerfield sentenced the appellant to a term of one year in the Fayette County jail. This case is now before this Court upon the appeal of that order.

1. The state made the following remarks concerning the appellant at the hearing held on August 23, 1989:

Mr. Cook has a reputation of being involved in all sorts of different criminal activities, and it became apparent shortly before the trial date of Mr. Cook, which I believe was July 5th of this year, that Mr. Cook was threatening John Shockey and his family, and that Mr. Shockey was nervous about that, was concerned about that, and was hoping that he could in some fashion be relieved of the obligation of testifying against Mr. Cook.

The state then went on to say:

Mr. Cook entered a plea in this charge to petit larceny. Okay. That was not the same thing that Mr. Shockey was convicted of or Mr. Mitchell was. The reason for that had to do with other criminal activities that Mr.

Cook was involved in, involving both Clay, Nicholas, and Raleigh Counties and the federal authorities. However, it is my understanding that from talking to John Divita, who made the investigation in Mr. Cook's case, that the recommendation that will be made to the court as far as Mr. Cook would be unfavorable, and that he would serve his sentence in—you know, his one year sentence in the Fayette County jail.

2. Rule 32(d) provides, in pertinent part: "If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under W.Va.Code § 62–12–7(a), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason."

■ We stated the standard for withdrawal of a guilty plea under Rule 32(d) of the *West Virginia Rules of Criminal Procedure* in syllabus point 1 of *State v. Harlow*, 176 W.Va. 559, 346 S.E.2d 350 (1986): "Rule 32(d) of the West Virginia Rules of Criminal Procedure as it relates to the right to withdraw a guilty or nolo contendere plea prior to sentence permits the withdrawal of a plea for 'any fair and just reason.' " *See also State v. Olish*, 164 W.Va. 712, 266 S.E.2d 134 (1980).

Moreover, we have recognized that "a prosecuting attorney or his successor is bound to the terms of a plea agreement once the defendant enters a plea of guilty or otherwise acts to his substantial detriment in reliance thereon." Syllabus, *State ex rel. Gray v. McClure*, 161 W.Va. 488, 242 S.E.2d 704 (1978). We have also held that the prosecutor's failure to remain neutral is a sufficiently fair reason to enable a defendant to withdraw his plea prior to sentencing. *Harlow*, 176 W.Va. at 561, 346 S.E.2d at 352.

■ In the case now before us, both the state and the appellant contend that the state violated the plea agreement when the state made certain comments regarding the appellant at the sentencing hearing of the appellant's two co-defendants. The assistant prosecuting attorney stated at the co-defendant's sentencing hearing that the appellant had "a reputation of being involved in all sorts of criminal activities," and that the appellant had threatened one of the co-defendants and his family. The assistant prosecuting attorney also made comments regarding proceedings involving the appellant in other jurisdictions which were unrelated to the appellant's guilty plea in this case. Finally, the state advised the circuit court at the co-defendant's sentencing hearing that the appellant would serve a "one year sentence in the Fayette County jail," which is contrary to the sentence recommended by the state in its plea agreement with the appellant. After these statements were made, the state and the appellant each attempted to withdraw the plea prior to sentencing.

Clearly, the state failed to remain neutral when it made those comments regarding the appellant, and this was a sufficiently fair reason to enable the appellant to withdraw his guilty plea prior to sentencing. Therefore, we conclude that the appellant's motion to set aside his guilty plea prior to sentence should have been granted, and we reverse the order of the Circuit Court of Fayette County denying that motion.

Reversed.