# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 14-0825** (Fayette County 07-F-140)

**Frank D.,**
**Defendant Below, Petitioner**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Frank D., by counsel Jason D. Parmer, appeals the Circuit Court of Fayette County's July 25, 2014, order resentencing him to a cumulative term of fifteen to fifty years in prison.[1] The State, by counsel Derek A. Knopp, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion to withdraw his guilty plea.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2007, petitioner was indicted on fifty-nine counts of sex-related crimes. In June of 2010, the circuit court held a plea hearing at which petitioner pled guilty, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), to the following six felonies: one count of second-degree sexual assault, in violation of West Virginia Code § 61-8B-4, and five counts of first-degree sexual abuse, in violation of West Virginia Code § 61-8B-7.[2] In exchange for his plea, the State dismissed the remaining counts in the indictment. During the circuit court's thorough plea colloquy with petitioner, which included petitioner speaking with his counsel off the record to clarify his understanding of the process, the circuit court explained to petitioner the consequences of his plea, including his waiver of certain constitutional and statutory rights and

---

[1] "We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. W.Va. Dep't of Human Serv. v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2] In *Kennedy*, this Court held that circuit courts may accept a criminal defendant's plea of guilty despite a claim of innocence "if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." 178 W.Va. at 10, 357 S.E.2d at 43, Syl. Pt. 1.

1

his potential maximum incarceration. Petitioner acknowledged that his plea was voluntary and no one forced him to enter the same. However, petitioner disagreed with the State's factual description of the underlying events, and he met with his counsel off-the-record to discuss the matter. Following that conference, petitioner's counsel stated that petitioner admitted that the State could present such evidence, but that he was not making an admission to it, pursuant to his *Kennedy* plea. Petitioner's counsel clarified that petitioner "indicated . . . after giving him several chances to think about it, that he feels it's in his best interest to go ahead and proceed with the plea and to wrap this matter up, and I think he agrees that's in his best interest to do that." The circuit court then asked petitioner if he agreed with counsel's statement, and petitioner stated, "[y]es." Petitioner's counsel also stated that he had received discovery and had "gone through all of this with [petitioner]." He specifically stated that he reviewed with petitioner the victim's statements, including a video statement from the victim's 2006 Child Advocacy Center ("CAC") interview, although he only received a transcript of that video the day before the plea hearing and had not provided petitioner a copy of that transcript. In addition, petitioner's counsel stated that he was prepared to proceed to trial, "if [petitioner] should change his mind," and petitioner unequivocally agreed with that statement.

In January of 2011, prior to sentencing, petitioner filed a motion to withdraw his guilty plea, pursuant to Rule 32 of the West Virginia Rules of Criminal Procedure. At a hearing on that motion, petitioner testified that he informed his counsel, during an off-the-record discussion at the plea hearing, that they could take the case to trial and "beat it," but his counsel "got upset" and would "get mad as hell" if he withdrew his plea because they were unprepared for trial. He further testified that his counsel failed to provide him with complete discovery prior to accepting the plea offer. The circuit court denied petitioner's motion based on the evidence presented at the plea hearing. Petitioner was ultimately sentenced to ten to twenty-five years in prison for the one count of second-degree sexual assault and one to five years in prison for each of the five counts of first-degree sexual abuse. This appeal followed.

This Court has held:

> Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. Pt. 2, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990). A circuit court abuses its discretion "if it bases its ruling on an erroneous assessment of the evidence or an erroneous view of the law." *Cox v. State*, 194 W.Va. 210, 218 n. 3, 460 S.E.2d 25, 33 n. 3 (1995).

On appeal, petitioner assigns error to the circuit court's denial of his motion to withdraw his guilty plea, pursuant to Rule 32 of West Virginia Rules of Criminal Procedure. In syllabus point one of *State v. Harlow*, 176 W.Va. 559, 346 S.E.2d 350 (1986), we held that Rule 32 "as it relates to the right to withdraw a guilty or nolo contendere plea prior to sentence permits the withdrawal of a plea for 'any fair and just reason.'" While petitioner argues that the circuit court

abused its discretion in denying his motion because his testimony satisfied the "just and fair reason" requirement, the record clearly reflects that the evidence presented at the plea hearing contradicted petitioner's later testimony.

Petitioner's later testimony provided four reasons that support his request to withdraw his guilty plea: (1) his counsel's failure to provide him with the victim's 2006 CAC statement; (2) his disagreement with the State's factual description of the underlying events; (3) coercion by his counsel into accepting the plea; and (4) petitioner's admitted innocence. Despite his later claims, petitioner agreed with his counsel at the plea hearing that they were prepared for trial, if necessary, and had reviewed discovery in the months prior to his plea. Petitioner further agreed at the plea hearing that his counsel had reviewed with him the video of the victim's 2006 CAC statement. The testimony at the plea hearing also indicated that the State presented the factual circumstances based upon the evidence it would present at trial, and petitioner acknowledged that he was unwilling to admit to those facts. Petitioner's failure to admit participation in those crimes was sufficient reason to proceed pursuant to *Kennedy*; we cannot find, based on the record before us, that it was a "fair and just reason" to set aside that plea. *See Kennedy*, 178 W.Va. at 10, 357 S.E.2d at 43 (stating that "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him."). Petitioner's claim that he is innocent of the underlying crimes is also reflected in the decision to proceed pursuant to *Kennedy*, and we cannot find in this matter that his claim of innocence alone required the circuit court to grant his motion to withdraw his plea.

Further, although he later claimed that his plea was involuntary because his counsel "pressured" him into the agreement, petitioner acknowledged at the plea hearing that he desired to move forward with the plea, which he claimed to enter voluntarily; further, he specifically stated that he was not forced by any other person to enter the plea. The circuit court also informed him at the outset of the hearing that "[i]f at any time before we finish this hearing you change your mind and decide you don't want to plead guilty, tell me, we'll stop" and proceed to trial the following day. Petitioner correctly indicates that he or his counsel stopped the proceedings to speak off-the-record on two occasions, but, each time, petitioner continued with the plea and agreed that the same was in his best interests, pursuant to *Kennedy*. Finally, we have often explained that an appellate court will not weigh the credibility of witness testimony, as the same is the exclusive function and task of the trier of fact. *See State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) (providing that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Based on the circumstances of this case, we find no reversible error in the circuit court's denial of petitioner's motion based on the testimony and evidence presented at the plea hearing in this matter.

For the foregoing reasons, we affirm.

Affirmed.

3

**ISSUED:** June 15, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II