346 S.E.2d 350

**STATE of West Virginia**

v.

**Jerry HARLOW.**

**No. 17078.**

Supreme Court of Appeals of West Virginia.

July 3, 1986.

Michael C. Farber, Webster Springs, for appellant.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

MILLER, Chief Justice:

In this original habeas corpus the relator alleges his guilty plea should be set aside. He claims that the prosecutor violated the terms of the plea agreement and this provided sufficient cause to permit the defendant to withdraw his pleas under Rule 32(d) of the West Virginia Rules of Criminal Procedure since the motion to withdraw was made prior to sentencing.

The relator's plea agreement was that he would plead guilty to one count of attempted delivery of a controlled substance, a misdemeanor, and would plead nolo contendere to two counts of petit larceny by infor-

mation. The sentences on all three charges would run concurrently. The State would make a nonbinding recommendation for probation and move to dismiss one count of delivery of a controlled substance.

On November 15, 1984, the relator entered his pleas in open court and the prosecutor made a recommendation for probation. The circuit court accepted the pleas and, thereafter, the relator's case was referred to a probation officer for a presentence investigation. At the dispositional hearing held on March 18, 1985, the relator's counsel moved to continue the hearing after he had read the presentence report. When this was denied, he then moved to withdraw his client's pleas, citing the prosecutor's failure to abide by the plea agreement. He referred to certain statements in the probation report made by the prosecutor which were contrary to the prosecutor's recommendation of probation. These remarks referred to the relator's lack of cooperation and his refusal to follow orders in making drug purchases.[1]

The circuit court denied counsel's motion to withdraw the pleas, discussed the presentence report, and then sentenced the relator to one year in jail on each charge, the sentences to be concurrent, and a $500 fine. A stay of execution of sentence was granted, and the relator was permitted to remain on bond.

Between the date of the entry of the pleas on November 15, 1984, and the date of the dispositional hearing on March 18, 1985, Rule 32(d) was amended. We do not believe this amendment affected the substantive rights of the relator. Prior to its amendment on February 1, 1985, Rule 32(d) provided that "a motion to withdraw a plea of guilty or nolo contendere may be made

only before sentence is imposed or imposition of sentence is suspended."[2]

The lack of any express standard in Rule 32(d) as to what would constitute a valid reason to withdraw a plea caused most courts to conclude that if the defendant could show any fair and just reason for the withdrawal of the plea, he should be permitted to do so. *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); *United States v. Morgan,* 567 F.2d 479 (D.C.Cir.1977); *United States v. Young,* 424 F.2d 1276 (3d Cir.1970); *United States v. Pressley,* 602 F.2d 709 (5th Cir.1979); *United States v. Hancock,* 607 F.2d 337 (10th Cir.1979); *People v. Martinez,* 188 Colo. 169, 533 P.2d 926 (1975); *State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975); *People v. Hollman,* 12 Mich. App. 231, 162 N.W.2d 817 (1968); *Commonwealth v. Hayes,* 462 Pa. 291, 341 A.2d 85 (1975); *In re Newton,* 125 Vt. 453, 218 A.2d 394 (1966); *Dudrey v. State,* 74 Wis.2d 480, 247 N.W.2d 105 (1976).

Before the adoption of our Rules of Criminal Procedure on October 1, 1981, we utilized the same standard with regard to a defendant's right to withdraw his guilty plea before sentence as reflected in Syllabus Point 1 of *State v. Olish,* 164 W.Va. 712, 266 S.E.2d 134 (1980): "In a case where the defendant seeks to withdraw his guilty plea before sentence is imposed, he is generally accorded the right if he can show any fair and just reason."

The only change that the 1985 amendment made to this portion of Rule 32(d) as it relates to the right to withdraw a guilty or nolo contendere plea prior to sentence is to permit the withdrawal of a plea for "any fair and just reason."[3] This

1. It appears that prior to the entry of the pleas, the defendant had agreed to and did act as an undercover agent in making drug purchases. This informal arrangement to work undercover was made prior to and was not a part of the plea agreement in this case.

2. The entire text of former Rule 32(d) was: "*Withdrawal of Plea of Guilty.*—A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sen-

tence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

3. The present Rule 32(d), which is based upon a 1983 amendment to Rule 32(d) of the Federal Rules of Criminal Procedure, states:

"*Plea Withdrawal.* If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had· under W.Va.Code § 62–12–7(a), the court

amendment expressly confirms the case law interpretation of our prior Rule 32(d) which had imposed any fair and just reason as the standard for withdrawal of a plea before sentence. Thus, for the purposes of this case, it is immaterial which rule is used, as the applicable standard is the same.

There is some analogy between this case and *Olish* in that the prosecutor in *Olish* had agreed to remain neutral with regard to a recommendation of mercy on a guilty plea to first degree murder. After the guilty plea was entered and the presentence report prepared, the defendant discovered that the prosecutor had indicated that the defendant should be sentenced without mercy. Before sentence was imposed, the defendant moved to withdraw his guilty plea, which motion was denied.

We held there was sufficient good cause to support the withdrawal of the guilty plea and outlined our reasons as follows:

"In the present case, the prosecutor's failure to maintain his neutral position as reflected by the probation officer's presentence report was a sufficiently fair reason to enable the defendant to withdraw his guilty plea prior to sentencing. The fact that the prosecutor informed the court that he was neutral in regard to the mercy recommendation does not ameliorate his statements contained in the presentence report." 164 W.Va. at 716, 266 S.E.2d at 136.[4]

■ In this case, the prosecutor's statement to the probation officer of the relator's lack of cooperation, and consequently his failure to remain at least neutral, was a sufficiently fair reason to enable the rela-

tor to withdraw his pleas prior to sentencing. The fact that the prosecutor recommended probation to the circuit court does not lessen the impact of the prosecutor's subsequent statements contained in the presentence report. As we said in *Olish*, "the inquiry is not the impact the statements may have had upon the sentence, but rather whether they served to provide a fair basis for permitting the defendant to withdraw the guilty plea as he had requested before he was actually sentenced." 164 W.Va. at 716, 266 S.E.2d at 136. We believe they do.

■ Finally, there is no contention by the State on this appeal or before the circuit court that the State would be unduly prejudiced if the pleas were withdrawn. In Syllabus Point 3 of *Olish*, we stated as follows:

"If the State will suffer substantial prejudice if the guilty plea is withdrawn prior to the time the sentence is imposed, this is a limiting factor which the court should consider in determining whether to grant the motion to withdraw the guilty plea."

The withdrawal of a plea prior to sentencing places both parties in their original position and enables the State to try a defendant on all charges. A defendant gains no advantage, since he is returned to his original position and is again subject to trial.

We, therefore, conclude that the relator's request to set aside his pleas made prior to his sentence should have been granted, and a moulded writ of habeas corpus is, there-

---

may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by petition under W.Va.Code § 53–4A–1."

We note that the present Rule 32(d) alters the standard for withdrawing a plea after sentence from the former standard "to correct manifest injustice." *See* note 2, *supra*. The present rule provides for setting it aside by way of direct appeal or through habeas corpus. W.Va.Code, 53–4A–1.

**4.** We also cited from *Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 499, 30

L.Ed.2d 427, 433 (1975), where the argument was made unavailingly that the sentencing judge had not been influenced by the prosecutor's remarks and the United States Supreme Court stated:

"[The sentencing judge] stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecutor in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration."

fore, issued directing that his pleas be set aside.

Writ granted as moulded.