375 S.E.2d 438

**STATE of West Virginia**

v.

**Laurence HUFF.**

**No. 17643.**

Supreme Court of Appeals of West Virginia.

Dec. 1, 1988.

Orton A. Jones, Hedges, Jones, Whittier & Hedges, Spencer, for appellant.

Atty. Gen., Charleston, for appellee.

**PER CURIAM:**

This case is before the Court upon the appeal of Laurence Huff from the June 13, 1986 order of the Circuit Court of Roane County, sentencing the appellant to not less than one nor more than ten years in the West Virginia Penitentiary for grand larceny, and one year in the county jail for petit larceny.[1] The sentences resulted from a plea agreement accepted by the trial judge on June 6, 1986. The appellant contends that the trial judge erred when he denied the appellant's motion to withdraw the plea prior to the trial judge's acceptance of the agreement and imposition of sentence, as he established a fair and just reason to withdraw the plea. We agree and reverse.

The appellant, Laurence Huff, was indicted for an August, 1985 breaking and entering and grand larceny (two weedeaters and a gasoline can). The only evidence of Huff's intent to commit the crime was the statement of an alleged accomplice. Huff asserted his innocence during all preliminary investigations and interrogations.

However, in February, 1986, the appellant entered into a plea agreement with the State. In exchange for a guilty plea of grand and petit larcenies, the State agreed not to prosecute the appellant for numerous outstanding warrants.

The most notable were five charges concerning the 15 and 16-year-old daughters of the appellant's girlfriend. The charges surrounded several incidents allegedly occurring between January and June, 1985: contributing to the delinquency of minors

---

1. The sentences were consecutive. The appellant has completed the jail term; however, the Court stayed the prison sentence, pending appeal.

by having sex with them; contributing to the delinquency of the 15–year–old by subjecting her to sexual contact; contributing to the delinquency of the 16–year–old by encouraging her to sleep with a man (whom she married by the time the warrant was issued); the felony, "statutory rape" of the 15–year–old; and the felony, second degree sexual assault (forcible compulsion upon a voluntary social companion) of the 16–year–old.[2]

On February 11, 1986, the appellant and the State appeared before the trial court for its acceptance of the agreement as required by *W.Va.R.Crim.P.* 11(e) (effective February 1, 1985). In both his testimony before the court, as well as his statement in support of the plea agreement, the appellant continued to maintain his innocence regarding the larceny and breaking and entering charges. The primary motivation for accepting the plea, as detailed by defense counsel at the hearing, was to avoid prosecution of the numerous charges in relation to the two teenage girls. The trial court then delayed its acceptance of the agreement until it received a presentence report.

A presentence report was tendered to the court and the parties again appeared on April 7, 1986. The prosecutor moved for acceptance of the agreement because "[t]he state police investigation has revealed that while these girls still maintain that [Huff] had sexual intercourse with them, they admit they lied with respect to forcible compulsion."

Defense counsel responded that he was unaware that the girls had partially recanted their statements and asked the court to defer further proceedings so that he could "assess the significance" of the girls' statements.

The statements of the two girls were taken by a protective services worker on February 3, 1986, and were followed up by an investigative report by a member of the West Virginia Department of Public Safety on February 10, 1986. The statements and report reveal that the second degree sexual assault allegation (forcible compulsion upon a voluntary social companion) was recanted, as well as several other discrepancies.

On April 12, 1986, the parties presented arguments to the trial court upon the appellant's motion to withdraw his plea pursuant to *W.Va.R.Crim.P.* 32(d) (effective February 1, 1985), which reads:

*Plea Withdrawal.* If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under W.Va. Code § 62–12–7(a), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by petition under W.Va.Code § 53–4A–1.

The Court reluctantly accepted the agreement, stating that although the appellant maintained his innocence as to the larceny and breaking and entering charges, the court would nonetheless accept the plea because there was no suggestion of prosecutorial misconduct (e.g., intentionally withholding of statements).

This Court's most recent case concerning the ability to withdraw a guilty plea, *State v. Harlow*, 176 W.Va. 559, 346 S.E.2d 350 (1986), reaffirms our holding of *State v. Olish*, 164 W.Va. 712, 266 S.E.2d 134 (1980). In syllabus point 1 of *Olish*, this Court held: "In a case where the defendant seeks to withdraw his guilty plea before sentence is imposed, he is generally accorded the right if he can show any fair and just reason."

In syllabus point 2 of *Harlow*, this Court held:

'If the State will suffer substantial prejudice if the guilty plea is withdrawn prior to the time the sentence is imposed, this is a limiting factor which the court should consider in determining whether to grant the motion to withdraw the

---

**2.** The other outstanding warrants concerned: improper registration of a vehicle, littering, petit larceny of a bicycle, and contributing to the delinquency of a minor male by giving him alcohol.

guilty plea.' Syllabus Point 3, *State v. Olish,* 164 W.Va. 712, 266 S.E.2d 134 (1980).

We note that, unlike either *Harlow* or *Olish,* the plea in this case had not even been accepted by the trial court at the time the appellant moved for its withdrawal.

The evidence in the record establishes that the primary motivation for the appellant's acceptance of the plea agreement was the fear of being prosecuted on the charges concerning the two girls. The evidence in the record further suggests that defense counsel was unaware of the evidence collected on February 3 and 10, 1986, at the time he advised his client to accept the agreement.

Given that the plea had not even been accepted by the court, let alone sentence imposed, the record establishes that the appellant, who maintained his innocence throughout, had a "fair and just" reason to withdraw the plea. (*See U.S. v. Barker,*

514 F.2d 208 (D.C.Cir.1970) for federal criteria to determine "fair and just reason.")

As noted in syllabus point 2 of *Harlow,* a trial court must also consider the prejudicial effect on the State's case of withdrawing the plea. We note that at neither the trial court below, nor on appeal, has the State argued that its case against the appellant for grand larceny and breaking and entering would in any way be prejudiced by withdrawing the plea.[3]

Based on all the foregoing, we reverse the trial court's sentencing order of June 13, 1986, set aside the appellant's plea agreement, and remand the case to the Circuit Court of Roane County for further proceedings upon the indictment.

REVERSED AND REMANDED.

3. At the trial court level and on appeal, the State contended that the appellant sought to withdraw the plea, not because of the recanting of the witness, but because of a poor presentence investigation. This is contrary to the record. During the April 8, 1986 hearing, after the presentence report was tendered to the court, defense counsel proceeded to produce evidence concerning sentencing, which evinces the appellant's intent to accept the plea. It was only after the prosecutor mentioned the recantations that the appellant moved to withdraw the plea.