# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-1000** (Berkeley County 11-F-120)

**Tirrell A. Morton,**
**Defendant Below, Petitioner**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Neil J. Zahradnik[1], arises from an order entered September 7, 2012, in the Circuit Court of Berkeley County, wherein he was sentenced to a determinate term of twenty years of incarceration to be served concurrently with a sentence of five to eighteen years of incarceration. This sentence followed petitioner's conviction, based upon a plea bargain, for one count of first degree robbery and one count of second degree robbery. The State, by counsel Christopher C. Quasebarth, has filed its response. On appeal, petitioner argues the circuit court erred in denying his motion to withdraw his plea or, in the alternative, to find that the plea was not entered voluntarily, knowingly, and intelligently, and was therefore invalid.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, petitioner was indicted on charges of first and second degree robbery. On June 8, 2012, three days prior to petitioner's trial date, his trial counsel moved to withdraw from further representation, citing "a complete breakdown in communication" with petitioner, among other grounds. After a hearing on that date, the circuit court denied the motion by order entered July 3, 2012. On June 11, 2012, petitioner entered into a plea agreement wherein he would enter an *Alford*[2] guilty plea in exchange for the determinate sentence of twenty years in the penitentiary

---

[1] Petitioner was represented by Neil J. Zahradnik who filed the appeal. By order of August 15, 2013, counsel was permitted to withdraw from representation. By circuit court of August 30, 2013, Duane C. Rosenlieb, Jr appointed.

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). Under *Alford*, "[a]n accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that

1

and five to eighteen years in the penitentiary to run concurrently. At the hearing to enter the plea deal, the circuit court asked petitioner and his counsel a series of questions, including the following:

> THE COURT: Do you understand you have the right to ask the Court to order that any confessions or property illegally obtained or seized cannot be used against you at trial?
> MR. MORTON: Yes, sir. . . .
> THE COURT: Do you understand that if you persist in your decision to plead guilty that you will be giving up all of these rights?
> MR. MORTON: Yes, sir. . . .
> THE COURT: Okay. Mr. Morton, you have been represented by Mr. Lambert who is here with you today; have you discussed fully with him your case and explained everything you know about it?
> MR. MORTON: Yes, sir.
> THE COURT: Has your attorney discussed with you the defenses that might be available to the charge and given you the benefit of advice?
> MR. MORTON: Yes, sir.
> THE COURT: Are you satisfied with his representation of you in this matter?
> MR. MORTON: Yes, sir. . . .
> THE COURT: Mr. Lambert, do you believe that Mr. Morton understands his rights, consequences of his plea; and that he voluntarily, intelligently, knowingly, and freely enters his plea today?
> MR. LAMBERT: Yes, Your Honor.
> THE COURT: Do you believe that the entry of the plea today is in the best interest of your client?
> MR. LAMBERT: Yes, Your Honor.
> THE COURT: Mr. Morton, do you agree with what Mr. Lambert has just told me?
> MR. MORTON: Yes, sir.

The State agreed not to file a recidivist action for this offense. On July 21, 2012, petitioner filed a *pro se* motion for an emergency hearing, seeking to hold a hearing on evidence suppression. On August 3, 2012, petitioner filed a *pro se* motion to withdraw his previously entered guilty plea. On August 9, 2012, at the previously scheduled sentencing hearing, the circuit court denied petitioner's motion to withdraw his plea and his motion for an emergency hearing, and sentenced him to a determinate term of twenty years of incarceration to be served concurrently with a sentence of five to eighteen years of incarceration. Petitioner asserts that he should have been permitted to withdraw his plea of guilty because he did not understand the rights he waived by doing so.

---

his interests require a guilty plea and the record supports the conclusion that a jury could convict him." *Kennedy v. Frazier*, 178 W.Va. 10, 12, 357 S.E.2d 43, 45 (1987).

A circuit court's decision to deny a motion to withdraw a plea is reviewed for abuse of discretion. Syl. Pt. 2, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990). A circuit court "may permit withdrawal of [a guilty] plea if the defendant shows any fair and just reason." W.Va. R. Crim. P. 32(e). To permit a withdrawal of a guilty plea based on an assertion of innocence, a trial court should consider

> the length of time between the entry of the guilty plea and the filing of the motion to withdraw[,] . . . why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings[,] and . . . whether the defendant maintained his innocence throughout the plea proceedings.

*Id.* at 179.

> "'If the State will suffer substantial prejudice if the guilty plea is withdrawn prior to the time the sentence is imposed, this is a limiting factor which the court should consider in determining whether to grant the motion to withdraw the guilty plea.' Syllabus Point 3, *State v. Olish*, 164 W.Va. 712, 266 S.E.2d 134 (1980)." Syl. pt. 2, *State v. Harlow*, 176 W.Va. 559, 346 S.E.2d 350 (1986)

Syl. Pt. 2, *State v. Huff*, 180 W.Va. 75, 375 S.E.2d 438 (1988).

> Before a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1) counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; (3) the guilty plea must have been motivated by this error. Syllabus Point 3, *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978).

Syl. Pt. 5, *Duncil v. Kauffman*, 183 W.Va. 175, 394 S.E.2d 870 (1990).

Contrary to petitioner's argument that he did not understand the rights he was waiving by entering into a plea bargain, at the plea bargain hearing petitioner clearly stated that he understood he was waiving his right to protest evidence, among other rights; that the plea was in his best interest and freely entered; and that he fully discussed the case with his trial counsel. Therefore, petitioner failed to provide a "fair and just reason" for his plea to be withdrawn, and we hold that the circuit court did not abuse its discretion in denying petitioner's motion to withdraw his plea. Additionally, despite petitioner's argument that there was a breakdown in communication so severe that he could not have voluntarily, knowingly, and intelligently entered into the plea bargain, he offers no evidence that counsel acted incompetently. We find that the circuit court did not abuse its discretion in finding that petitioner knowingly, voluntarily, and intelligently entered his plea bargain. Therefore, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 3, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II