IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2026 Term

_____

No. 23-469

_____

FILED

May 18, 2026

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

V.

RICHARD W. PAGE,
Defendant Below, Petitioner.

_____

Appeal from the Circuit Court of Jefferson County
The Honorable David M. Hammer, Judge
Criminal Action No. CC-19-2002-F-43

VACATED AND REMANDED

_____

Submitted: January 13, 2026
Filed: May 18, 2026

J. Daniel Kirkland, Esq.
Arnold & Bailey, PLLC
Charles Town, West Virginia
Attorney for the Petitioner

John B. McCuskey, Esq.
Attorney General
Sandra M. Walls, Esq.
Assistant Attorney General
Office of the Attorney General
Charleston, West Virginia
Attorneys for the Respondent

CHIEF JUSTICE BUNN delivered the Opinion of the Court.

JUSTICE TRUMP concurs, in part, and dissents, in part and reserves the right to file a separate opinion.

**SYLLABUS BY THE COURT**

1.      "Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32[(e)] of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion." Syllabus Point 2, *Duncil v. Kaufman*, 183 W. Va. 175, 394 S.E.2d 870 (1990).

2. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Crystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

3. "With the advent of Rule 11 of the West Virginia Rules of Criminal Procedure, a detailed set of standards and procedures now exists governing the plea bargaining process." Syllabus Point 1, *Myers v. Frazier*, 173 W. Va. 658, 319 S.E.2d 782 (1984).

4. To determine whether a defendant has presented a fair and just reason to withdraw a guilty plea pursuant to Rule 32(e) of the West Virginia Rules of Criminal

i

Procedure, a court should consider the totality of the circumstances and this non-exhaustive list of factors: (1) whether the defendant knowingly and voluntarily pleaded guilty; (2) whether the defendant asserts innocence; (3) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (4) whether the defendant received competent assistance of counsel in making the decision to plead guilty; (5) potential prejudice to the government, including whether the government opposes the motion to withdraw; and (6) whether withdrawing the plea will waste judicial resources. No one factor controls and the relevance of each factor will vary according to the circumstances surrounding the entry of the plea and the motion to withdraw.

**BUNN, Chief Justice:**

Over twenty years ago, a grand jury indicted the petitioner, Richard Page, for burglary[1] and petit larceny.[2] Mr. Page and the State then entered into a binding plea agreement pursuant to Rule 11(e)(1)(c) of the West Virginia Rules of Criminal Procedure.[3] During the 2003 plea hearing, Mr. Page executed a written guilty plea to burglary, and the circuit court ordered it filed. While the court found Mr. Page tendered his guilty plea knowingly and voluntarily, it deferred its acceptance or rejection of the plea agreement. At the subsequent sentencing hearing, Mr. Page failed to appear and the court issued a capias warrant. It was not until 2023, when Mr. Page was stopped for a traffic violation, that law enforcement arrested Mr. Page for failing to appear at the 2003 sentencing hearing. During a status hearing, Mr. Page moved the court to permit him to withdraw the 2003 guilty plea or, alternatively, to reject the proposed plea agreement to allow the parties to enter into a new agreement. The State did not oppose the motion and executed a new plea agreement with Mr. Page. The circuit court found that Mr. Page could not withdraw from the 2003

---

[1] *See* W. Va. Code § 61-3-11 (1993).

[2] *See* W. Va. Code § 61-3-13 (1994).

[3] Rule 11(e)(1)(c) provides for a plea agreement wherein the State agrees "that a specific sentence is the appropriate disposition of the case." See *infra* for the relevant text and discussion of Rule 11 of the West Virginia Rules of Criminal Procedure. In addition, if a circuit court rejects certain plea agreements, then the defendant is entitled to withdraw the previously entered plea. *See* W. Va. R. Crim. P. Rule 11(e)(4).

guilty plea, reasoning that the prior proceedings left the court in a "position of a plea binding upon the defendant that he cannot withdraw from[.]" The court then accepted Mr. Page's 2003 guilty plea to burglary and sentenced him according to the binding 2003 plea agreement: one to fifteen years of imprisonment, suspended in favor of five years of supervised probation.

Mr. Page appeals the July 12, 2023 order accepting his 2003 plea and plea agreement and imposing the agreed upon sentence. Mr. Page argues that the circuit court erred in denying his oral motion to withdraw his plea, asserting that he had the right to withdraw it prior to the court's acceptance of the plea and sentencing. In response, the State contends that Mr. Page failed to show a fair and just reason to withdraw his guilty plea. We find that the circuit court failed to appropriately analyze Mr. Page's motion to withdraw his plea, incorrectly finding that it had no discretion to grant the motion. Accordingly, we vacate the circuit court's sentencing order accepting Mr. Page's plea and plea agreement and remand for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL HISTORY

In October 2001, Mr. Page allegedly broke into the home of John Desmond and stole certain belongings of Mr. Desmond, including a belt sander, binoculars, camera, VCR, mobile CB radio, lawnmower, cigarettes, food, and portable binoculars. A Jefferson

2

County grand jury indicted Mr. Page for one count each of burglary and petit larceny in September 2002. Mr. Page and the State subsequently negotiated a binding plea agreement pursuant to Rule 11(e)(1)(c) to resolve the pending charges.[4]

On February 21, 2003, the court held a hearing regarding the proposed plea and plea agreement.[5] During the hearing, the parties stated that they had reached a plea agreement and then informed the court of the terms. Pursuant to their representation at the hearing, and memorialized by the court in its subsequent order, the parties agreed that Mr. Page would plead guilty to burglary, and, as a binding sentence, Mr. Page would be sentenced to one to fifteen years imprisonment which would be suspended, and he would serve five years of supervised probation. In exchange, the State would dismiss the petit larceny count. Mr. Page and his counsel both affirmed that those terms memorialized the complete agreement between the parties. The court then engaged in a colloquy to ensure

---

[4] The parties did not include the written plea agreement in the appendix. Counsel for Mr. Page indicated that he has not been able to locate a written or signed copy of the 2003 plea agreement.

[5] The parties did not include the transcript from the 2003 plea hearing. Mr. Page's counsel indicated that he made numerous attempts to obtain a copy but was unable to do so. We, therefore, rely on the circuit court's plea proposal order for the terms of the 2003 plea agreement and the events during the 2003 plea hearing.

that Mr. Page was entering the plea knowingly and voluntarily.[6] Finally, the State set forth a factual foundation for the guilty plea.

At the same hearing, Mr. Page pled guilty to burglary and "executed a written guilty plea form witnessed by the Deputy Clerk of [the circuit court] and by [Mr. Page's] counsel." The court ordered the guilty plea filed[7] and found that Mr. Page understood the nature of the charges and the nature and consequences of the tendered guilty plea. Additionally, the court found an adequate factual basis and foundation for the tendered guilty plea. The circuit court concluded that Mr. Page tendered his guilty plea freely, intelligently, knowingly and voluntarily, and of his own free will. However, pursuant to Rule 11(e)(2), the court "defer[red] acceptance or rejection of said plea agreement" and ordered that a presentence investigation report and victim impact statement be prepared. *See* Rule 11(e)(2) (providing in relevant part, that "If the [plea] agreement is of the type specified in subdivision (e)(1)(A), (C), or (D), the court may accept or reject the agreement, *or may defer its decision as to the acceptance or rejection until there has been an*

---

[6] This Court has previously set forth the procedures to be followed by circuit courts to ensure that guilty pleas are entered voluntarily and intelligently. *See* Syl. Pts. 3, 4 and 5, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975). The procedures outlined in *Call*, "are echoed in Rule 11 of the West Virginia Rules of Criminal Procedure." *State v. Holstein*, 235 W. Va. 56, 65, 770 S.E.2d 556, 565 (2015).

[7] The circuit court clerk's office filed the written guilty plea the same day and noted on the document that the clerk's office received and filed the guilty plea in open court.

4

*opportunity to consider the presentence report*." (Emphasis added)). The court then set a hearing for March 27, 2003, where the court would "either accept or reject [Mr. Page's] plea."

Mr. Page failed to appear for the March 27 hearing. The presiding judge issued a capias warrant directing the circuit court clerk to issue the capias and "forward the same to all appropriate law enforcement agencies." Mr. Page asserts that following the 2003 plea proposal hearing, he was "arrested in the State of Maryland on an old warrant and later sentenced to a term of incarceration of approximately" two years. Mr. Page further explains that upon his release from incarceration in Maryland, "[w]hether due to a mistaken belief his case was resolved or a faulty memory, [he] went on about his life[.]" Despite numerous encounters with law enforcement over the next few years, law enforcement neither informed Mr. Page of, or detained him on, the capias issued in 2003.

In 2023, law enforcement stopped Mr. Page for a traffic violation in Shepherdstown, West Virginia. Mr. Page was arrested after law enforcement determined that Mr. Page had an outstanding capias warrant from his failure to appear at his 2003 sentencing hearing. During a subsequent status hearing, the court and the parties acknowledged the difficulties presented by a then-twenty-year-old case, including that the officers involved in the case were no longer available to testify and that the victim was now elderly. Mr. Page's counsel orally requested that Mr. Page be permitted to withdraw the

2003 guilty plea, or alternatively, that the court reject the proposed 2003 plea agreement. The court noted that there were certain inequities given the passage of time; however, it also recognized that "[t]he problem is just or fair reason [for withdrawing a guilty plea] might not include forgetting" about it. The circuit court ultimately set another status conference to allow the parties time to resolve outstanding factual questions and discuss potential alternate plea resolutions.

At a subsequent status hearing, the parties informed the circuit court that they had negotiated a new agreement. The 2023 plea agreement provided that Mr. Page would be permitted to withdraw his 2003 guilty plea to burglary, plead guilty to petit larceny with dismissal of the burglary charge, and sentencing would be at the discretion of the circuit court. The court ordered preparation of a new presentence report and scheduled a change of plea and sentencing hearing.

On July 12, 2023, the court held a change of plea and sentencing hearing. Despite the circuit court's previous indications that it would proceed on the new 2023 plea agreement, the court essentially found that Mr. Page could not withdraw his 2003 guilty plea, reasoning that the prior proceedings left the court in a "position of a plea binding upon the defendant that he cannot withdraw from, and left to the [c]ourt's discretion to

6

determine whether to accept or reject that plea."[8] In addition, the court denied Mr. Page's request to reject the original plea agreement, ruling that "once an agreement is entered, the agreement should be honored. And I can't see rewarding someone for not appearing, not meeting their obligations, by saying well we'll agree to not accept this plea and drop it down to a misdemeanor." The court further found that the criminal history section of Mr. Page's presentence report was "not really supportive of the idea that [Mr. Page has] been on the straight and narrow since he took care of whatever caused him to be incarcerated in 200[3]." Ultimately, the court accepted Mr. Page's 2003 guilty plea to burglary and sentenced him according to the 2003 plea agreement: one to fifteen years of imprisonment, suspended in favor of five years of supervised probation.

## II.

## STANDARD OF REVIEW

Mr. Page argues that the circuit court erred in refusing to permit him to withdraw his guilty plea prior to sentencing. Motions to withdraw guilty pleas are

---

[8] Later in the same hearing, the court reiterated that

> Well, it's the nature of a binding plea. It's what the rules allow for a binding plea. They simply don't allow the defendant to back out of the plea once it's – once it's binding and sent to the [c]ourt for determination as to whether it should be accepted or rejected. That's – that's beyond either party's power. It's my position, it bound either parties [sic] power to back out of it at that point. It is what binding means.

controlled by Rule 32(e) of the West Virginia Rules of Criminal Procedure. This Court has held that "a trial court's decision on a motion under Rule 32[(e)] of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion." Syl. Pt. 2, in part, *Duncil v. Kaufman*, 183 W. Va. 175, 394 S.E.2d 870 (1990). Furthermore, to the extent that this matter also presents a legal question—whether the circuit court had the authority to allow a defendant to withdraw from a plea entered pursuant to a binding plea agreement—our review is de novo: "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Crystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

## III.

## DISCUSSION

Mr. Page raises one assignment of error, asserting that the circuit court committed reversible error by refusing to allow him to withdraw from the 2003 guilty plea prior to accepting the plea agreement and sentencing him.[9] In other words, Mr. Page asserts that the circuit court erred by finding that Mr. Page could not withdraw from his plea

---

[9] We recognize that Mr. Page did not file a written motion to withdraw his plea below. However, Mr. Page made an oral motion during a status hearing and all parties contemplated, until the final hearing, that Mr. Page was asking to withdraw his 2003 plea as a part of the newly negotiated 2023 plea agreement.

8

because of its binding nature. We find that the circuit court erred by determining that the entry of a guilty plea pursuant to a binding plea agreement precluded the court from allowing Mr. Page to withdraw his plea. We further conclude that the circuit court should have instead examined whether Mr. Page demonstrated a fair and just reason to withdraw his guilty plea.

### *A. Guilty Pleas and Plea Agreements*

As an initial matter, because the parties and the circuit court throughout the proceedings conflate the court's acceptance of a guilty plea and its acceptance of a plea agreement, we find it necessary to provide clarity regarding plea acceptance procedures. Although some courts have previously found that the plea and plea agreement were so intertwined that a plea could not be accepted until the plea agreement was also accepted by the court,[10] the United States Supreme Court in *United States v. Hyde*, 520 U.S. 670 (1997) rejected that requirement. In *Hyde*, the Supreme Court found that nothing in the text of Rule 11 of the Federal Rules of Criminal Procedure, which governs the plea process, required that a court equate "acceptance of the guilty plea with acceptance of the plea agreement, and deferral of the plea agreement with deferral of the guilty plea." *Id.* at 674.

---

[10] *See, e.g.*, *State v. Klein*, 560 N.W.2d 198, 202 (N.D. 1997) (finding that when a defendant's guilty plea is part of a plea agreement, the guilty plea cannot be accepted until the plea agreement is accepted), *overruled by Froistad v. State*, 641 N.W.2d 86, 90 (N.D. 2002).

The Supreme Court noted that the Rule's text, instead, shows the "opposite": "Guilty pleas can be accepted while plea agreements are deferred, and the acceptance of the two can be separated in time." *Id.*[11] The Supreme Court concluded that not only does the language of Rule 11 show that acceptance of a guilty plea and acceptance of a plea agreement are two separate events requiring distinct procedures, but to hold otherwise "debases the judicial proceeding at which a defendant pleads and the court accepts his plea." *Id.* at 676. It reasoned that "[a]fter the defendant has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court has explicitly announced that it accepts the plea," the defendant should not be allowed "to withdraw his guilty plea simply on a lark." *Id.*

Following the *Hyde* decision, other state courts have also found that acceptance of a plea and a plea agreement are two distinct procedures. For example, the Idaho Supreme Court in *State v. McGarvey* determined that "[t]he language and structure of Rule 11 indicate that acceptance of a plea of guilty and acceptance of a plea agreement

---

[11] The Supreme Court explained that "[t]he prerequisites to accepting a guilty plea are set out in subdivisions (c) and (d) of Rule 11" and that the explicit text of the these two subdivisions "speak of steps a [trial] court must take '[b]efore accepting a plea of guilty[.]" *Hyde*, 520 U.S. at 674. The Supreme Court found that the Ninth Circuit essentially read in an additional prerequisite that a trial court cannot accept a guilty plea "without first accepting the plea agreement[;]" however, "that 'prerequisite' is absent from the list set out in subdivisions (c) and (d), strongly suggesting that no such addition is warranted." *Id.*

are two distinct procedures and two separate events." 579 P.3d 925, 932 (Idaho 2025). The court explained that two subdivisions of Rule 11 specifically address "acceptances of a guilty *plea*," yet a separate subdivision later in the Rule "addresses plea *agreement* procedures." *Id.* at 932-933.[12]

Rule 11 of the West Virginia Rules of Criminal Procedure also generally governs the plea agreement and bargaining process: "With the advent of Rule 11 of the West Virginia Rules of Criminal Procedure, a detailed set of standards and procedures now exists governing the plea bargaining process." Syl. Pt. 1, *Myers v. Frazier*, 173 W. Va. 658, 319 S.E.2d 782 (1984). West Virginia's Rule 11 contains similar language distinguishing between a plea and a plea agreement, indicating that the court's acceptance of a plea and acceptance of a plea agreement are two separate events. Rule 11(c) specifically sets forth the advice the court must provide a defendant "[b]efore *accepting a plea* of guilty or nolo contendere[.]" (Emphasis added). Rule 11(d) similarly refers to a plea and states that "[t]he court *shall not accept a plea* of guilty or nolo contendere without first, by addressing the

---

[12] *See also State v. Fischer*, 3 N.W.3d 142, 149, ("[H]ere the court separately considered the guilty plea and the plea agreement, which it was permitted to do. Therefore, on this record, and assuming without deciding a court can implicitly accept a plea agreement. . . we conclude the court accepted [the defendant's] guilty plea but, by that action, did not accept the plea agreement."), *reh'g denied* (N.D. Mar. 15, 2024), *corrected* (July 17, 2024), *cert. denied*, 145 S. Ct. 223 (2024); *State v. Trahan*, 797 So. 2d 38, 39 (La. 2001) ("A trial judge may accept a defendant's guilty plea entered as part of a plea bargain regarding sentence but defer final disposition of the case until completion of a presentence report.").

defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." (Emphasis added). On the other hand, Rule 11(e) generally sets forth the plea agreement procedure.[13] As the Rules of Criminal Procedure make clear, acceptance of a guilty plea and acceptance of a plea agreement require distinct procedures and are events that may be separated in time.

Here, it is undisputed that the 2003 circuit court deferred the acceptance of the 2003 plea agreement; however, the parties dispute whether the 2003 circuit court accepted the 2003 guilty plea. Ultimately, as we explain below, whether the circuit court accepted Mr. Page's guilty plea in 2003 is immaterial to our analysis.

### B. A Binding Rule 11(e)(1)(C) Plea Agreement Does Not Extinguish a Defendant's Ability to Withdraw from a Guilty Plea

The circuit court appeared to erroneously find that it had no discretion to allow Mr. Page to withdraw his 2003 plea based on the "nature of a binding plea." Following Mr. Page's arrest in 2023, the circuit court allowed the parties to engage in renewed plea agreement negotiations due to the passage of time and other procedural issues that had arisen in the twenty years since Mr. Page entered his guilty plea. The parties

---

[13] Rule 11(e)(1)-(5) generally discuss plea agreements including notice to the court of such agreement, acceptance and rejection of such agreements by the court, and timing of such plea agreements. However, Rule 11(e)(6) governs the "[i]nadmissibility of pleas, plea discussions, and related statements."

12

reached a new plea agreement, and the court set a hearing for a change of plea and sentencing. Based on the court's prior direction, the parties believed that Mr. Page would be permitted to withdraw his 2003 guilty plea. However, at the hearing, the court changed its position and declined to allow Mr. Page to withdraw his 2003 plea. The transcript suggests that the court believed it had no discretion to allow Mr. Page to withdraw the 2003 guilty plea. For example, the court stated that the prior proceedings left it in a "position of a plea binding upon the defendant that he cannot withdraw from[.]"[14]

It is undisputed that in 2003 the State and Mr. Page negotiated a binding plea agreement pursuant to Rule 11(e)(1)(c), which provides, in relevant part, that the State may agree to a specific sentence as a part of a negotiated plea agreement and if the circuit court accepts the plea agreement, the court must impose the agreed upon sentence. *See State ex rel. Forbes v. Kaufman*, 185 W. Va. 72, 75, 404 S.E.2d 763, 766 (1991) ("Under a 'Type C' agreement, Rule 11(e)(1)(C), the state and the defendant agree that a specific sentence is appropriate, and if the agreement is accepted by the court, it is bound to impose the agreed sentence."). So, the "binding" nature of a Rule 11(e)(1)(C) plea agreement pertains to the court's inability to modify the agreed upon sentence.

---

[14] *See also supra* note 8.

It is well established that "[m]otions to withdraw guilty pleas are controlled by Rule 32[(e)] of the West Virginia Rules of Criminal Procedure." *Duncil*, 183 W. Va. at 178, 394 S.E.2d at 873.[15] Rule 32(e) provides that, "[i]f a motion for withdrawal of a plea of guilty or nolo contendere *is made before sentence is imposed*, the court may permit withdrawal of the plea if the defendant shows any fair and just reason."[16] (Emphasis added). Reflecting the language of the Rule, the Court has held that "Rule 32[(e)] of the West Virginia Rules of Criminal Procedure as it relates to the right to withdraw a guilty or nolo contendere plea *prior to sentence* permits the withdrawal of a plea for 'any fair and just reason.'" Syl. Pt. 1, *State v. Harlow*, 176 W. Va. 559, 346 S.E.2d 350 (1986) (emphasis added).[17] Nothing in Rule 32 limits a defendant's ability to seek withdrawal of a guilty plea based upon the *type* of plea agreement; rather Rule 32(e) limits the timeframe a defendant may seek withdrawal of a plea to before the defendant's sentencing. *See* W. Va. R. Crim. P. 32(e). Consequently, we conclude that the circuit court erred to the extent it found that

---

[15] Rule 11 also explicitly sets forth limited circumstances allowing a defendant who has entered a plea to withdraw that plea, which are not applicable here. For example, when a defendant prevails on appeal from a conditional plea, the defendant may withdraw the original plea. W. Va. R. Crim. P. 11(a)(2). Additionally, Rule 11(e)(4) allows an unconditional plea withdrawal if the court decides to reject specific types of plea agreements.

[16] Rule 32(e) further provides that after sentencing, "a plea may be set aside only on direct appeal or by petition under W. Va. Code § 53-4A-1."

[17] *See also* Syl. Pt. 1, *State v. Olish*, 164 W. Va. 712, 266 S.E.2d 134 (1980) ("In a case where the defendant seeks to withdraw his guilty plea *before sentence is imposed*, he is generally accorded the right if he can show any fair and just reason.") (emphasis added).

the "binding" nature of Mr. Page's plea agreement precluded him from seeking to withdraw his guilty plea prior to sentencing.

### *C. A Defendant Must Articulate a Fair and Just Reason to Withdraw a Guilty Plea Prior to Sentencing*

When a defendant, such as Mr. Page, seeks to withdraw his guilty plea prior to sentencing, a circuit court must determine whether the defendant has demonstrated a fair and just reason to do so. Despite Mr. Page's assertion to the contrary, this Court has held that generally "a defendant has no *absolute* right to withdraw a guilty plea before sentencing." Syl. Pt. 2, in part, *Duncil*, 183 W. Va. 175, 394 S.E.2d 870 (emphasis added). Rule 11 sets forth the limited circumstances that give a defendant the unfettered right to withdraw a guilty plea: (1) when a defendant prevails on appeal from a conditional plea and (2) when a court rejects certain types of plea agreements, including binding plea agreements. *See* W. Va. R. Crim. P. 11(a)(2) and (e)(4). Neither of those circumstances apply here.

The only other rule that speaks to plea withdrawal is Rule 32(e), which provides in relevant part that a "court may permit withdrawal of the plea" of a defendant seeking to withdraw a plea prior to sentence "if the defendant shows any fair and just reason." Neither Rule 11 nor Rule 32 discuss the court's formal acceptance of the plea as

15

a prerequisite for the court to consider a defendant's motion to withdraw a plea under the "fair and just reason" standard.

In *State v. Huff*, the Court considered whether a defendant could withdraw from his plea. 180 W. Va. 75, 75, 375 S.E.2d 438, 439 (1988) (per curiam). There, the circuit court had not accepted a tendered plea, yet this Court analyzed whether the circuit court erred in denying the defendant's motion to withdraw his plea using the fair and just standard. *Id.* at 76-77, 375 S.E.2d at 440-41. Specifically in *Huff*, this Court concluded that "[g]iven that the plea had not even been accepted by the court, let alone sentence imposed, the record establishes that the [defendant], who maintained his innocence throughout, had a 'fair and just' reason to withdraw the plea." *Id.* at 77, 375 S.E.2d 441.

While Mr. Page asserts on appeal that he had an absolute right to withdraw his plea, we disagree. Neither the Rules nor our case law allow a defendant who has entered a guilty plea, whether or not it has been formally accepted by the circuit court, to withdraw the plea for *any* reason. Instead, the circuit court must undertake "a fair and just reason" analysis pursuant to Rule 32.

Federal courts have similarly interpreted previous versions of Rules 11 and 32 of the Federal Rules of Criminal Procedure that closely mirrored our current Rules. *See State ex rel. Appleby v. Recht*, 213 W. Va. 503, 510-11, 583 S.E.2d 800, 807-08 (2002)

16

(per curiam) (noting that West Virginia's Rule 11 was patterned after the previous version of the federal rule); *compare* W. Va. R. Crim. P. 32(e) (1996) *with* Fed. R. Crim. P. 32(e) (2000). In *United States v. Mader*, the defendant argued that "Rule 32(e)'s requirement of a fair and just reason does not apply when the court has not yet accepted the guilty plea." 251 F.3d 1099, 1103 (6th Cir. 2001), *superseded by rule as stated in United States v. Mendez-Santana*, 645 F.3d 822, 826 (6th Cir. 2011). The *Mader* Court disagreed, holding "that the defendant must provide a fair and just reason to support withdrawal of his guilty plea, even when that plea has not yet been accepted by the district court." *Id.* at 1104. The court explained that "Rule 32(e) makes no distinction between pleas which have been accepted and those which have been not." *Id.* Furthermore, the court reasoned that the "fair and just reason" requirement "is consistent with the significance of the plea proceeding and the safeguards offered by Rule 11." *Id.* The *Mader* Court noted the importance of the Rule 11 proceedings, recognizing that the defendant

> was questioned under oath about whether he understood the charges against him and the facts in support of these charges. [The defendant] challenged numerous aspects of the factual basis offered by the government, but ultimately acknowledged that he committed the charged offenses. In addition, consistent with Rule 11, the court advised him of the constitutional rights which he waived by pleading guilty. For this court to find that [the defendant] could subsequently withdraw his plea of guilty "would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess."

*Id.* at 1104-05 (quoting *Hyde*, 520 U.S. at 677).

The Fifth and Eighth Circuits similarly concluded that a fair and just reason must support a defendant's withdrawal of a guilty plea, even prior to the trial court's acceptance of that plea. *See United States v. Grant*, 117 F.3d 788, 790 (5th Cir. 1997), *modified* (August 8, 1997) ("At the outset, we note that neither Rule 32(e), which governs plea withdrawal, nor Rule 11, which governs plea agreements generally, indicates whether a plea must be accepted, rather than merely entered, before the 'fair and just reason' standard applies. . . . However, after reviewing relevant case law and the language of pertinent rules, we conclude that Rule 32(e)'s 'fair and just reason' standard was triggered upon entry of [the defendant's plea and that [the defendant] failed to satisfy that standard." (footnote omitted)); *United States v. Payton*, 168 F.3d 1103, 1105 (8th Cir. 1999) ("Rule 32(e) sets the applicable standard prior to sentencing, and the fact that the court had not yet formally accepted the plea is not determinative. Under the rules a defendant has an absolute right to withdraw his plea if the court ultimately rejects the plea agreement, but otherwise he must show a fair and just reason."). *But see United States v. Alvarez-Tautimez*, 160 F.3d 573, 576 n. 5 (9th Cir. 1998) ("*Hyde* does confirm that the requirement in Fed. R. Crim. P. 32(e), that a 'fair and just reason' must be shown in order to withdraw a guilty plea, does not apply until *after* the plea has been accepted by the court.").[18]

_____

[18] We note that since the Sixth Circuit decided *Mader*, the Federal Rules of Criminal Procedure have been amended. *See United States v. Battle*, 499 F.3d 315, 319 (4th Cir. 2007) ("The rules were amended in 2002 so that Rule 11 now governs the withdrawal of guilty pleas."). Specifically, Federal Rule of Criminal Procedure 11(d) now provides that "[a] defendant may withdraw a plea of guilty or nolo contendere: (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but

18

Consequently, we find that Mr. Page had to demonstrate a fair and just reason for the circuit court to grant his motion to withdraw his plea. However, the court failed to conduct an appropriate analysis applying that standard. Rather, the court found that the plea agreement was binding, suggested it had no discretion at all to permit Mr. Page to withdraw his guilty plea, and ultimately found Mr. Page could not withdraw his guilty plea under any circumstance.[19] We, therefore, vacate the circuit court's order accepting the 2003 guilty plea and plea agreement, and sentencing Mr. Page pursuant to the 2003 plea agreement, and remand for the circuit court to conduct an appropriate analysis as to whether Mr. Page demonstrated a fair and just reason to withdraw his 2003 plea.[20]

---

before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal." However, while the Federal Rule 11 was amended in 2002, we have not amended our rule. Accordingly, we find these cases persuasive.

[19] The circuit court engaged in some discussion that Mr. Page's argument that he forgot he pled guilty twenty years ago, so now he should receive a lighter agreement given the passage of time would not set great precedent. However, this discussion concerned Mr. Page's alternative request to reject the plea agreement. Mr. Page is not appealing that alternative motion.

[20] Mr. Page also asserts that the circuit court erred in denying his motion to withdraw his 2003 plea because both he and the State mutually agreed on the withdrawal. Other than simply stating that he should have been accorded the right to withdraw his plea by the mutual agreement of both parties, Mr. Page fails to cite to any case law or rule to support his position. He has, consequently, failed to adequately brief this issue. *See State v. Back*, 241 W. Va. 209, 213 n.4, 820 S.E.2d 916, 920 n.4 (2018) ("In his appellate brief, Mr. Back fails to cite to a single authority on this issue. Accordingly, we decline to address this inadequately briefed issue."). Nonetheless, we find no merit in the contention that a mutual agreement by both parties automatically entitles a defendant to withdraw a plea. *See, e.g.*, *United States v. Hudson*, No. 23-1341, 2024 WL 140550, at *1 (6th Cir. Jan. 12, 2024) (affirming trial court's denial of joint motion to allow the defendant the ability to withdraw

On remand, the circuit court should consider certain factors to determine whether Mr. Page has demonstrated a fair and just reason to withdraw his 2003 guilty plea. This Court has not previously set forth a specific list of factors a circuit court should examine when determining whether a defendant has presented a fair and just reason for withdrawing a plea. However, we have held that, "[i]f the State will suffer substantial prejudice if the guilty plea is withdrawn prior to the time the sentence is imposed, this is a limiting factor which the court should consider in determining whether to grant the motion to withdraw the guilty plea." Syl. Pt. 2, *Harlow*, 176 W. Va. 559, 346 S.E.2d 350 (quoting Syl. Pt. 3, *State v. Olish*, 164 W. Va. 712, 266 S.E.2d 134 (1980)).[21]

Other courts have enumerated non-exhaustive lists of factors to analyze when determining whether a defendant has articulated a fair and just reason to withdraw from a guilty plea. For example, the South Dakota Supreme Court reasoned that when determining

his guilty plea and plead to a lesser offense). Rather, a court may consider the mutual agreement as a factor in determining whether there is a fair and just reason to permit the defendant to withdraw the plea. *See United States v. Phillips*, No. 3:24-CR-69-TAV-DCP, 2025 WL 2884527, at *1 (E.D. Tenn. Oct. 9, 2025) (analyzing a defendant's unopposed motion to withdraw his plea agreement pursuant to the fair and just standard).

[21] This Court has also previously detailed factors a lower court should examine when resolving a motion to withdraw a guilty plea in specific circumstances not at issue in this matter. *See* Syl. Pt. 3, *Duncil v. Kaufman*, 183 W. Va. 175, 176, 394 S.E.2d 870, 871 (1990) (enumerating certain factors a circuit court should consider when deciding a motion to withdraw based upon a declaration of innocence); Syl. Pt. 3, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978) (describing the factors a lower court should consider in the context of a motion to withdraw a guilty plea based upon bad legal advice).

whether a defendant presents reasons that are "fair and just," a court should consider several factors:

> whether the defendant knowingly and voluntarily pleaded guilty; whether the defendant asserts [he or she] is innocent; delay between the defendant's plea and request for withdrawal of the plea; whether the defendant received competent assistance of counsel in making the decision to plead guilty; whether withdrawing the plea will prejudice the prosecution of the defendant; and whether withdrawing the plea will waste judicial resources[.]

*State v. Trueblood*, 5 N.W.3d 571, 575 (S.D. 2024) (quoting *State v. Ceplecha*, 940 N.W.2d 682, 694 (S.D. 2020) (alteration in original). Similarly, federal district courts in the Sixth Circuit examine various factors, taking into account the totality of the circumstances, to determine whether a defendant has demonstrated a fair and just reason to withdraw a guilty plea:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Asefa*, No. 2:22-cr-222(3), 2025 WL 3274792, at *2 (S.D. Ohio Nov. 25, 2025). The Sixth Circuit has instructed that "[n]o one factor controls; the list is general and nonexclusive." *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). Furthermore, "[t]he relevance of each factor will vary according to the circumstances

21

surrounding the original entrance of the plea as well as the motion to withdraw." *Id.* (quotations and citation omitted).[22]

We find it would be beneficial for our courts to likewise consider certain non-exhaustive factors when a defendant moves to withdraw a guilty plea prior to sentencing. Therefore, we now hold that to determine whether a defendant has presented a fair and just reason to withdraw a guilty plea pursuant to Rule 32(e) of the West Virginia Rules of Criminal Procedure, a court should consider the totality of the circumstances and this non-exhaustive list of factors: (1) whether the defendant knowingly and voluntarily pleaded guilty; (2) whether the defendant asserts innocence; (3) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (4) whether the defendant received competent assistance of counsel in making the decision to plead guilty; (5) potential prejudice to the government, including whether the government opposes the motion to withdraw; and (6) whether withdrawing the plea will waste judicial resources. No one factor controls and the relevance of each factor will vary according to the circumstances surrounding the entry of the plea and the motion to withdraw.

---

[22] *United States v. Mohamed*, No. 2:23-CR-00053-RAJ, 2025 WL 1345085, at *1 (W.D. Wash. May 8, 2025) ("Examples of fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." (quotations and citation omitted)).

22

Here, the circuit court failed to consider the unusual circumstances of the matter, which include the following: (1) over twenty years have passed between Mr. Page pleading guilty and the circuit court's determination of whether to accept or reject the plea agreement; (2) neither party to the 2003 plea agreement is asking the circuit court to enforce it; (3) the parties are unable to obtain a copy of the 2003 plea hearing transcript or a copy of the written plea agreement[23]; (4) the current status of the state's evidence; and (4) Mr. Page's disappearance following his initial plea. Therefore, on remand, the circuit court should consider these unique factual circumstances in light of the non-exhaustive list of factors to determine whether Mr. Page has demonstrated a fair and just reason to support his motion to withdraw his guilty plea.

## IV.

## CONCLUSION

Based on the foregoing, we vacate the Circuit Court of Jefferson County's July 12, 2023 order accepting Mr. Page's 2003 plea and plea agreement and imposing the sentence reflected in the binding plea agreement. We further remand this matter for further proceedings consistent with this opinion.

---

[23] Even though West Virginia law does not require a written plea agreement, it is the preferred practice. *See State v. Steven S.*, No. 14-1033, 2016 WL 1455916, at *1 (W. Va. Apr. 12, 2016) (memorandum decision) ("While we have recognized that written plea agreements are 'the better practice,' we have held that there 'is no rule requiring that plea agreements be in writing.' *State ex rel. Yeager v. Trent*, 203 W.Va. 716, 721, 510 S.E.2d 790, 795 (1998) [(per curiam)].").

Vacated and remanded.